152 So. 44

## Ex parte WALDROP.

### WALDROP v. WALKER, Judge.

### 6 Div. 415.

Supreme Court of Alabama.

Jan. 11, 1934.

Chas. W. Greer, of Birmingham, for petitioner.

Hollis O. Black, of Birmingham, for respondent.

Brief did not reach the Reporter.

FOSTER, Justice.

An amendment of a bill in equity was made at the hearing by striking out allegations in substance that complainant notified respondent of her rescission of the contract, and made a tender of the property purchased and demanded repayment of the money paid and return of the notes mentioned, all of which respondent failed and refused to do; and by adding to the bill a submission by complainant to the jurisdiction of the court, and an offer to do equity. This was done during the argument at the hearing. There was then a demurrer filed to the bill as thus amended, but no answer was filed to it. The note of testimony shows a submission by both parties for final decree noting the pleadings and proof, and also noting the demurrer to the bill as last amended. The decree recites a

submission on this demurrer and overrules it, and then recites a submission by agreement of the parties for final decree on the pleadings and proof as noted by the register.

This petition for mandamus is to require the judge to recite the fact that the submission on pleadings and proof did not by consent of the parties follow the submission on the demurrer, but that a hearing was had on the pleadings and proof, and pending such hearing the bill was amended, and the demurrer to it filed, but no answer, and in that status the final decree was rendered without any further submission, and that it does not accurately recite the sequence of the occurrences on the submission, to the prejudice of petitioner.

■ But the petitioner does not show, we think, that there was any prejudice resulting from the matter complained of. If the demurrer should have been sustained, the decree overruling it could be assigned for error on an appeal from the final decree, and thereby cause it to be reversed. Section 6079, Code; Fogleman v. Nat. Surety Co., 222 Ala. 265, 132 So. 317; Jones v. Industrial Life & Health Ins. Co., 222 Ala. 399, 132 So. 890.

It is immaterial in this respect that the decree on demurrer is made a part of the final decree. If this would make any difference, it would merely emphasize the right to assign it as error on appeal from such final decree.

While the demurrer to the bill as last amended was not incorporated in an answer, it was filed at a time when no further answer was needed to cause an issue of fact, since all the allegations of fact as then constituted had been denied. The status of the situation was therefore quite analogous to that of an answer in which is incorporated a demurrer, since they, in this instance, served the same purpose.

We have in this state a distinctive feature of chancery practice by which a demurrer to a bill, as any other defense, may be incorporated in the answer. Sims Chancery Prac. § 31; section 6547, Code. By rule 72 of Chancery Practice, when a cause is called for hearing, and no proof taken, but there are demurrers, it must be submitted on demurrers. But when the proofs have been taken, it must be heard without waiting for a separate decision on the demurrer contained in the answer. But, if there is such a demurrer, it is said to be customary to submit on the demurrer and on the pleadings and proof, noting the demurrer in the note of the submission. Davidson v. Rice, 201 Ala. 508, 78 So. 862.

■■ On such a submission on the demurrer and on pleadings and proof for final decree, the logical order of procedure would be to decree on the demurrer, and, if it is overruled, then to make final decree on the pleadings and proof as then noted. So that, if that exact order of procedure be pursued, the effect is the same as that stated in the decree, viz., that there was a submission on the demurrer, and, on it being overruled, there was then a submission on pleadings and proof for final decree. A submission for final decree on pleadings and proof when the bill is not at issue is ordinarily, but not always, an error to reversal. And the point is available on appeal from such decree. Thomas v. Barnes, 219 Ala. 652, 123 So. 18 (10).

■ But when an amendment does not aver new matter which is of such sort as that a new issue of fact is thereby tendered, and the answer to the bill as theretofore set up responds to the issues of fact tendered, including such as are alleged in the last amendment, no further answer to the bill as amended is needed, to put the cause at issue. 21 C. J. 534, § 644; Sims Chancery Prac. § 507.

The answer required by section 6561, Code, to an amendment has no application to an amendment which introduces no new facts.

■ The failure to answer an amendment has relation only to the matter there alleged, and does not justify a decree pro confesso on the bill as it existed before that amendment, and to which answer had been made. Tennessee Valley Bank v. Clopton, 219 Ala. 181, 121 So. 548.

From all of this, we think it clear that petitioner has no just ground to complain of prejudice by the refusal of the court to formulate its decrees as contended for by him in this proceeding. All of this is upon the assumption that the occurrences took place as petitioner asserts.

The answer of the judge to the rule nisi shows that the allegations of the petition do not accurately recite the facts that occurred, and the answer fully justifies the recitals of the final decree in its material features.

■ When the judge of a court to whom a rule nisi is issued out of this court on a petition for mandamus answers that petition, and it recites the occurrences in open court, not otherwise shown by the record, in his presence, it is taken by this court as presumptively true. Such answer is analogous to a bill of exceptions in this respect.

■ When a correct bill of exceptions is tendered a trial judge, and he refuses to sign it as tendered, but makes material changes and then signs it, the bill thus signed is not conclusive, but the appellant may establish his bill as tendered by proving that it was correct. This court will on such hearing receive evidence of the facts, and act as it may be satisfied from the evidence thus submitted. Section 6435, Code; Hughes v. Albertville Merc. Co., 173 Ala. 559, 56 So. 120. A rule

(No. 40) prescribes the method to be pursued in taking the testimony.

■■ The nature of the proceeding shown by this petition is such that a bill of exceptions is not appropriate to bring to our attention the facts not shown by the record. The petitioner alleges the facts, and we consider it as analogous to the tender of a bill of exceptions. The judge certifies in his answer that those facts are not accurately stated, and sets out his version of what did occur in his presence, not otherwise appearing of record. Petitioner must either accept the facts so alleged as true, or prove to the satisfaction of this court that those averred in the petition are true. This court on such an issue is not bound by rule 40, though its procedure may be adopted, or it may receive the testimony of witnesses in open court or by ex parte affidavits. The nature, weight, and sufficiency of such testimony are all within the discretion and judgment of this court. It must be sufficient to overcome the presumption attached to the certificate of the trial judge, and the burden to overcome its effect is on the petitioner alleging facts contrary to those so certified, and that must be done to the satisfaction of this court.

The petition here is sworn to, but that has no more weight than the certificate of the trial judge. There is no other evidence submitted by petitioner to meet the burden upon her. There is no internal evidence from the facts alleged in the petition which should establish it as being sufficient to overcome the certificate of the judge. We refer to the answer as a certificate of the judge, because he signs it in his official capacity, and it alleges what he asserts is a statement of the facts as they occurred in his presence.

It is therefore, in the absence of satisfactory evidence to the contrary, taken as true in respect to matters not otherwise shown by the record, such as the pleadings, decrees, etc. It is, however, corroborated by the affidavits of others, which are attached to it.

We have treated the petition and answer as though they set up facts which have a different legal effect, and have undertaken to show what the procedure is under such circumstances.

But if we assume that the facts occurred as alleged in the petition in so far as they are not shown by the record in respect to the details of the hearing, we think, as heretofore stated, that petitioner does not show that her rights were in any way prejudiced by the recitals in the decree. and they have substantially the same legal effect.

The petition for mandamus is therefore denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.