26 So.2d 563

**Ex parte STATE ex rel. DENSON.**

6 Div. 431.

Supreme Court of Alabama.

April 25, 1946.

Rehearing Denied June 27, 1946.

Paine Denson, of Birmingham, for relator.

Benners, Burr, Stokely & McKamy, of Birmingham, for respondent.

162

SIMPSON, Justice.

The relator seeks a writ of mandamus to be directed to Honorable Whit Windham, Judge of the Tenth Judicial Circuit, requiring him to take cognizance of and rule on a petition for writ of mandamus filed as an alternative method of review after dismissal of the appeal in the circuit court.

A brief statement of the case is necessary. The Board of Trustees of the University of Alabama, in accordance with the provisions of Code 1940, Title 19, § 1 et seq., sought to condemn certain parcels of land belonging to relator. On March 29, 1945, the application to condemn was granted by the probate court and the judge thereof appointed the commissioners required by the statute, § 11. From this interlocutory order relator undertook two unauthorized appeals, one to the circuit court of the county and one (with petition for alternative review by mandamus) to the Supreme Court. Disposition of the case in the Supreme Court by dismissal of the proceedings is reported in Denson v. Board of Trustees of the University of Alabama, 247 Ala. 257, 23 So.2d 714.

The instant case relates to the proceedings on appeal to the circuit court from the same preliminary order, which appeal was dismissed out of the circuit court October 12, 1945, as being unauthorized and prematurely taken. The relator contends that the appeal was accompanied by a petition for alternative writ of mandamus and that the circuit judge (respondent) should have taken cognizance of the alleged petition and acted on it.

The record proper does not substantiate this contention and the answer of the respondent judge specifically denies that this was the status of the proceedings. No document of record in the circuit court pertaining to mandamus was ever before

him prior to the dismissal of the appeal nor until relator filed his motion to set aside the order of dismissal. The petition for mandamus was attached to this motion and this is the first record mention of it in said court.

Respondent asserts that not being called upon to rule on the petition thus appended to the motion to reinstate the appeal, he regarded it as merely supportive of the motion, and no more, but that, had a ruling been invited, it would have been inappropriate since the petition came too late and was not an alternative method of securing relief under the motion to vacate the order dismissing the appeal, because the motion sought a correction of his own order and, inconsistently, the attached paper dealing with mandamus sought directory relief in another (probate) court.

In here determining whether mandamus will be awarded, it should be noted that the recitals in the answer of the Judge to a rule nisi of the occurrences before him in open court, not otherwise shown of record, are taken on review as presumptively true and the relator must overcome this presumption by satisfactory countervailing evidence. Ex parte Waldrop, 228 Ala. 38, 152 So. 44.

After a full and studious consideration, we are persuaded that the facts presented fail to show a clear legal right in relator to have this court coerce the official action sought. A fair construction of the record on the other hand leads us to conclude in favor of the answer of the respondent and to affirm his action as correct.

There are two sound reasons for this conclusion, whether the mandamus petition be regarded as alternative of the appeal or original.

First, as indicated, it rather conclusively appears that the petition was never properly before the court for consideration until after dismissal of the cause, and was coupled with the motion to set aside the dismissal and designated "Alternative Petition for Writ of Mandamus." Without deciding whether this kind of review in the circuit court is permissible (See Ex parte Green, 221 Ala. 298, 129 So. 72; Hershey Chocolate Co. v. Yates,

196 Ala. 657, 72 So. 260; Ex parte Tower Manufacturing Co., 103 Ala. 415, 15 So. 836), if it were sanctioned, to invoke consideration by the court the petition should have been presented along with the appeal as an alternative method of review pending hearing on the motion to dismiss, and not after dismissal of the appeal. The rule of appellate procedure is that such petition must be presented on original submission of the cause, and if first presented on application for rehearing, it comes too late and will not be considered. Cornelius v. Moore, 208 Ala. 237, 94 So. 57; Preddy v. Herren Sales Co., 215 Ala. 216, 110 So. 131. Judge Windham, therefore, well exercised his discretion in refusing consideration of the petition, thus filed, alternative to the appeal. (In passing we will observe that relator's controversion of respondent's answer, claiming that, at the hearing on the motion to dismiss the appeal Judge Windham was informed that a mandamus petition would be presented, or of a desire to present one, is without influence on our decision, since none was filed or duly presented for consideration before dismissal of the cause and hence was not properly before the court for action.)

Second, if the petition should be considered as original, a clearly unwarranted construction under the recorded facts, relator still has not established right to the writ under the rules governing its issuance.

There was a discretion vested in Judge Windham as to the issuance, vel non, of the writ, as with any other superior court, and to justify our overriding this discretion, an imperative duty resting on him to have granted the petition must be shown (Folmar v. Brantley, 238 Ala. 681, 193 So. 122) and we are not reasonably satisfied relator has discharged this burden.

The interlocutory order of the probate court of which relator complains was made in March, 1945, before the now incumbent judge took office, and his petition, filed seven months later, was designed to require that probate judge to act with reference to an application to condemn which his predecessor in office had already acted upon. Other reasons aside, we think the respondent well within his rights to have refused to grant the petition, even if considered an original one, because of laches.

While we will not invoke the limitation (thirty days) for taking appeals from a final judgment in condemnation proceedings to apply the doctrine of laches, we will consider it by analogy in determining whether the discretion of the respondent judge was well exercised in refusing to grant the extraordinary writ. Banks v. Mobley, 4 Ala.App. 510, 58 So. 745; 38 C.J. 831, § 531. And if the right to the relief is doubtful because of unreasonable delay in asserting the same, the action of the lower court in denying the petition will not be disturbed. Banks v. Mobley, supra; Folmar v. Brantley, supra.

Measured by this standard, Judge Windham could have consistently exercised a discretion in denying the writ. The ad quod damnum statute provides an expeditious remedy for the disposition of causes brought under it and when, from a final order of condemnation redress by appeal is limited to thirty days, we do not think an aggrieved condemnee should be permitted, inexcusably, to delay for such an unreasonable time his effort to redress the grievances alleged to have occurred in this preliminary phase of the proceedings.

Counsel appointed to represent relator has cogently argued the contrary view, but on due consideration we have concluded that the writ should be denied.

Writ denied.

All the Justices concur, except LAWSON, J., not sitting.