64 So.2d 65

**CHESTANG et al. v. BURNS et al.**

**1 Div. 498.**

Supreme Court of Alabama.

March 26, 1953.

588

W. C. Taylor, Mobile, for appellants.

Pillans, Reams, Tappan, Wood & Roberts, Mobile, for appellees.

LAWSON, Justice.

This is a mandamus proceeding instituted in the circuit court of Mobile County whereby relators seek to require the Board of School Commissioners of Mobile County and the Superintendent of Education of that county to admit their son to the public school for white children in their school district. From a judgment denying the petition, this appeal is prosecuted.

In State ex rel. Farmer v. Board of School Com'rs of Mobile County, 226 Ala. 62, 145 So. 575, we reviewed the constitutional and statutory provisions which relate to the maintenance of race autonomy and separate public school facilities for white and colored in our state. In regard to such provisions we said: "Without elaborating upon this public policy as applied to the association of children in their school life, we conclude the provisions for separate schools for 'colored children' contemplates that no child with an appreciable admixture of negro blood shall be admitted to a public school for white children. This is the construction usually given to similar provisions in other states. (Authorities cited.)" 226 Ala. 64, 145 So. 576.

Counsel for appellant strenuously urges a reversal of the finding of the trial court upon the evidence.

The case presents a most unfortunate and pathetic situation and we have given the evidence our careful and studied consideration. We think it would be better not to set out the evidence in detail. We have compared the evidence in this case with the evidence disclosed in the original record in the Farmer case, supra, and find that the evidence here is much stronger in support of the holding of the trial court than the evidence in the Farmer case, supra.

 The trial judge saw and heard the witnesses and had the child before him. The burden was on relators to affirmatively show that their son is entitled to attend the school for white children, as the law defines white children. All due presumptions are to be indulged in favor of the finding of the trial court and we find no sufficient reason to reverse its finding.

The trial court did not err in permitting respondents to show that locally the word "Creole" is applied to a mixed race in which Negro blood is present. State ex rel. Farmer v. Board of School Com'rs of Mobile County, supra.

Reversible error is not made to appear in connection with the action of the trial court in permitting respondents to introduce in evidence a petition filed with the respondents wherein protest was made as to the admission of relators' son into a school for white children. The trial court, in admitting this petition, expressly stated that it shed no light on the real issue in the case, but admitted it solely for the purpose of showing the reason why the respondents had taken action excluding relators' son from the white public school. Before this petition was admitted in evidence the relators had introduced in evidence a letter written by the Superintendent of Education of Mobile County to the principal of the school for white children to which admission is sought, wherein the Superintendent of Education called to the attention of the principal the fact that protests had been made by numerous persons residing in the area served by the school against the admission of relators' son and that since such protests had been made, evidence available to the respondents tended to support the charge that the son of relators was not entitled to attend a white school.

We are in accord with the view expressed by the trial court that the petition has no probative value and the record clearly shows that the trial court did not consider this petition as evidence of the fact that the young boy had Negro blood. But inasmuch as relators first introduced evidence as to the protests, we do not think the trial court erred to a reversal in permitting the petition to be introduced in evidence for the limited purpose of explaining the action taken by the respondents in excluding relators' son.

The judgment of the trial court is affirmed.

Affirmed.

STAKELY, GOODWYN, and MERRILL, JJ., concur.