206 So.2d 856

Frank M. ANDERSON

**v.**

Ray MULLINS, Personnel Director,
Jefferson County, et al.

6 Div. 908.

Supreme Court of Alabama.

Feb. 23, 1967.

Rehearing Denied Feb. 15, 1968.

John S. Foster and Graham, Bibb, Wingo
& Foster, Birmingham, for appellant.

W. Gerald Stone, Bessemer, for appellees.

LIVINGSTON, Chief Justice.

This appeal is from a final judgment of the Circuit Court of Jefferson County, Alabama, denying a petition for a peremptory writ .of mandamus, which also contained a prayer in the alternative for declaratory judgment. . The cause was presented to, and heard by, a three-judge panel consisting of Judges Bowron, Windham and Jenkins, Circuit Judges of Jefferson County, Alabama.

The petition was filed by Frank M. Anderson, hereinafter called "Anderson," against Ray Mullins, as Personnel Director of Jefferson County, Alabama, hereinafter called "Director," and Holt A. McDowell, as Sheriff of Jefferson County, Alabama, hereinafter called "Sheriff." Later, Melvin Bailey was substituted for Holt McDowell as Sheriff of Jefferson County, Alabama.

At the outset, we note here that the three-judge panel which tried this case, on several occasions, overruled and set aside some of its rulings and opinions rendered in the course of this litigation, but ultimately rendered and entered a final judgment from which this appeal is prosecuted. The briefs of the parties are voluminous and obfuscating, and we will only set out enough of the record to clearly indicate the issues involved and the rulings of the trial court thereon.

The Director's duties, under the provisions of Act No. 248, Gen. Acts of Alabama 1945, p. 376; Tit. 62, § 330(32), Code of Alabama 1940, Cum. Pocket Part 1955, are, in part, as follows:

"The director of personnel, subject to the provisions of this subdivision and approval of the personnel board, shall: * * * Classify or direct the classification of all positions to be held under either municipal or county authority in accordance with the provisions of this subdivision and in accordance with the duties attached to such positions. At least once every five years, grade and classify or direct the grading and classification of all positions in the county and in each city in the county and for each appointing authority with respect to salary to the end that each employee shall receive the same compensation as all other employees of the said county or city or appointing authority receive for the same grade and class of service. The question of whether or not an employee has been assigned to

the proper class and grade shall be a matter subject to the decision of the board.
* * *"

See Sec. 656, Appendix, 1958 Recompiled Code of Alabama.

Anderson became a Deputy Sheriff of Jefferson County, Alabama, in Birmingham, in March of 1951, said position being subject to and classified under the "Civil Service Law", as amended. Except for a short time in 1956, Anderson's assignment by the Sheriff was primarily restricted to the duties related to criminal investigation.

Prior to April 1, 1960, in compliance with his above-mentioned duties, the Director, or the employees of the Personnel Board acting under the Director's supervision, completed a reclassification of the jobs and the positions within Jefferson County which were subject to the Civil Service Law. The Director recommended to the Personnel Board that ten positions in the Birmingham and Bessemer offices of the Sheriff be reclassified from Deputy Sheriff to Criminal Investigator.

On February 17, 1960, the Personnel Board took under consideration, and approved, the recommended reclassification which was to become effective April 1, 1960. On February 25, 1960, the Sheriff wrote the Personnel Board requesting that he be allowed to appoint the Criminal Investigators and that all future vacancies be filled by examination.

On March 9, 1960, the Personnel Board declined to approve the Sheriff's request, and informed him of this decision, by letter, on March 10, 1960. On March 28, 1960, the Sheriff again wrote to the Personnel Board requesting that another classification known as "Investigator" or "Detective" be set up within the Sheriff's office with the Sheriff having the authority to designate men within that class. This request was also denied.

The reclassification, effective April 1, 1960, had designated the general position held by Anderson to Criminal Investigator, and the related salary schedule provided for

an increase above that of Deputy Sheriff. Anderson remained in criminal investigation, but continued to draw the salary of Deputy Sheriff rather than that of Criminal Investigator. Since April 1, 1960, the Sheriff failed to submit to the Director a pay roll according Anderson the higher salary because the Director had informed the Sheriff that he would not approve such a pay roll until Anderson had passed a promotional examination for the position.

On June 16, 1960, Anderson prayed for a writ of mandamus directing the Sheriff to submit said pay roll to the Director and directing the Director to approve said pay roll in order for Anderson to be paid the salary provided for Criminal Investigator, or in the alternative, for a declaratory judgment in favor of Anderson for such salary.

In response to a rule nisi, the Sheriff answered, admitting the averments of the petition. The Director's answer, as amended, states, in substance, that every five years, the Director is required by law (Title 62, Sec. 330(32), Code 1940, 1955 Cum. Pocket Part) to classify all positions in the classified service, and that he completed such a survey the first of the year 1960; that as a result thereof, he recommended to the Personnel Board that ten positions in the Birmingham and Bessemer offices of the Sheriff be reclassified from Deputy Sheriff to Criminal Investigator; that the reclassified positions carried higher duties and higher rates of pay (deputy sheriff's pay range from $352 to $425 per month and criminal investigator's pay range from $407 to $498 per month) and, therefore, constituted a promotion and should be filled by competitive promotional examinations as provided by the Civil Service Law and rules and regulations of the Board. Said reclassification was approved by the Board to became effective April 1 1960, and the Sheriff was so notified.

Under Rule 2, promotion is defined as:
"An advancement from one class to another class with increased duties and/or

responsibilities, and for which a higher rate of pay is prescribed."

The Director admitted in his answer that he had told the Sheriff that he would not approve a pay roll to pay Anderson the salary of a criminal investigator unless he had been promoted to and· in accordance with the laws and rules. He also averred that it had been the consistent practice or policy of the Board to require employees occupying positions allocated to a higher classification to qualify therefor by promotional examination.

The Director contends that to change, alter or modify this practice would be contrary to the law, the rules, regulations and practice of the Personnel Board, and destroy the primary purpose of the Civil Service Law; viz., that appointments and promotions *shall be based upon competition, merit and superior qualifications.*

Job descriptions of the position of Deputy Sheriff before the survey and after it, and of Criminal Investigator are attached as exhibits to the amended answer.

Anderson demurred to the answer. The demurrer was overruled, and Anderson filed a replication, thereby putting in issue the averments of the answer.

As above indicated, the trial court, on more than one occasion, changed, modified, or set aside its previous rulings.

On the 4th day of June, 1962, the trial court rendered its final judgment in this matter, together with a special finding of facts jointly requested by petitioner, Anderson, and the Sheriff. In part, the special finding of facts contain the following:

"The Court finds that none of the parties hereto challenged the validity of the reclassification. The Personnel Board, prior to the adoption of such reclassification plan, pursuant to the Law and Rules and Regulations of the Personnel Board, held a public hearing where all persons interested, including employees under its jurisdiction, could appear and be heard as to the proper classification of such positions.

"The Board received no protests as to the reclassification of the positions from deputy sheriff to criminal investigator.

"The Personnel Board determined that the classification of criminal investigator is higher than the classification of deputy sheriff, in that the duties of a criminal investigator are greater and carry a greater responsibility than those of deputy sheriff and a higher rate of pay was established for such classification. They further determined that a deputy sheriff could not be appointed thereto except through a promotional examination conducted in accordance with the law and Rules and Regulations of the Personnel Board.

"The Defendant Director of Personnel held examinations to fill the positions classified as criminal investigator, in accordance with the Rules and Regulations established by the Board; that, under the qualifications established by the Civil Service Board, to wit, forty deputies were found to be eligible to take the examination; that twenty-six took the same; that fourteen failed and twelve passed. The petitioner did not take the examination.

"The Sheriff of Jefferson County has not filled any of the positions of the newly-created 'Criminal Investigator' classification."

In its final judgment, the court held that a promotion was involved and that Anderson, to secure the position in question, under the facts, must take successfully a competitive examination. The writ of mandamus as prayed for was denied, and the declaratory judgment was refused because it was unnecessary under the particular facts of this case. A motion for a new trial was denied. From this final judgment and the denial of the motion for a new trial, the petitioner appealed to this Court.

Appellant, Anderson, assigns as error the following:

"1. The court erred in rendering the judgment on June 4, 1962, holding that the Appellant (Petitioner) was not entitled to the Writ of Mandamus prayed for by him, which said judgment is set forth on pages 42–45 of the record.

"2. The court erred in that part of its judgment of June 4, 1962, which reads as follows:

"'What we have said hereinabove indicates our judgment that a promotion is involved insofar as may be concerned the status of a regular deputy sheriff who secures one of the newly classified positions of Criminal Investigator. Accordingly, it is our further judgment that our statutes on the subject, the rules and procedures of the Civil Service Board of Jefferson County, and presently the Constitution of the State of Alabama require, in our opinion, that this plaintiff to secure the position in question, under the facts here involved, must take successfully a competitive examination.'

which said judgment is set forth on pages 42–54 of the record.

"3. The Court erred in not issuing the Writ of Mandamus as prayed for by the Appellant (Petitioner).

"4. The Court erred in overruling the appellant's (Petitioner's) motion for a new trial, the said motion for new trial appearing on page 46 of the transcript and the order overruling the same appearing on page 47 of the transcript."

It was said in Kendrick v. State, 256 Ala. 206, 54 So.2d 442:

"In State ex rel. Gaston v. Cunninghame, 216 Ala. 423, 426, 113 So. 309, 312, cited by counsel for appellants, we said: 'With us mandamus is a civil proceeding or remedy, commenced by petition, and the petition constitutes the first pleading in the case, and where, as here, it seeks to compel official action, it is incumbent on the petitioner to show, by averments, as well as proof, a specific legal right in the petitioner to have the act performed, and that the respondents are under duty. and have the authority to do the act (Lewis et al. v. Jenkins, 215 Ala. 680, 112 So. 205; Home Guano Co. v. State, ex rel. Pike, 193 Ala. 548, 69 So. 419; 13 Ency. P. & P. 672); * * *.'"

See also State ex rel. Denson v. Howze, Judge of Probate, 247 Ala. 564, 25 So.2d 433, and Clark v. Beverly, 257 Ala. 484, 59 So. 2d 810.

■ As for Assignment of Error No. 2, we agree with the trial court that a promotion is involved. Although Anderson, before reclassification, was assigned to criminal investigation, he could have been assigned to any of the other duties within the sheriff's office at the discretion of the sheriff, including the duties of serving papers. So that Anderson's duties were not only those of criminal investigation, but also any of the other general duties of the deputy sheriffs. To have been classified as a criminal investigator, Anderson would have served in that capacity only, never to be shifted at the discretion of the sheriff. His duties would have been more specialized and more difficult than those in general of the deputy sheriff. His salary would have been higher than that of the deputy sheriff. Therefore, we hold that a promotion is involved as far as Anderson, a Deputy Sheriff, is concerned.

As to Assignments of Error 1 and 3, we agree with the trial court that Anderson was not entitled to the writ of mandamus as prayed for.

■ As a general rule, in mandamus proceedings, the appellate court will indulge all reasonable presumptions in favor of the correctness of the judgment appealed from, and the appellant must overcome this presumption by satisfactorily countervailing evidence. Chestang v. Burns, 258 Ala. 587, 64 So.2d 65; Ex parte State ex rel. Denson, 248 Ala. 161, 26 So.2d 563; Ex parte Waldrop, 228 Ala. 38, 152 So. 44.

■■ In support of the judgment, it will be presumed that public officials perform their duties as required by law. Otto v. Reardon, 21 Cal.App.2d 260, 69 P.2d 185, and illegal action on the part of public officials will not be presumed. Ellenberger v. City of Oakland, 59 Cal.App.2d 337, 139 P.2d 67. A classification determined by an administrative board or officer pursuant to authority delegated by the legislature is presumed to be reasonable and valid. Leftridge v. City of Sacramento, 59 Cal.App.2d 516, 139 P.2d 112.

■ As evidenced in the Civil Service Law, above quoted, the question of whether or not an employee has been assigned to a proper class or grade shall be a matter subject to the decision of the Board.

Appellant insists, however, that the one question on this appeal is:

"When a civil service job is reclassified, is it a promotion for the incumbent having permanent civil service status on the job prior to reclassification to continue thereon at the higher pay provided by the reclassification when the duties of said job were identical before and after reclassification, and when a more appropriate title and more appropriate and higher pay were accorded the job in the said reclassification?"

Appellant relies upon the case of Mandle v. Brown, 4 A.D.2d 283, 164 N.Y.S.2d 366, affirmed in 5 N.Y.2d 51, 177 N.Y.S.2d 482, 152 N.E.2d 511, to sustain his contention.

We agree with the proposition of law as stated in the *Mandle* case, supra, but we assert that it is not applicable to the facts in this case and that the said argument should have been presented to the Personnel Board, or, in the alternative, the Personnel Board should have been made a party to this proceeding. Anderson, however, did not attend the public hearing of the Personnel Board to be heard as to the reclassification; he did not make the Board a party to this proceeding; he has not questioned the trial court's Finding of Fact which held that the validity of the reclassification was unchallenged. For these reasons, we find it unnecessary to determine whether or not the Board properly reclassified the position of criminal investigator, whether or not the Board erred in requiring a promotional examination for said position, and whether or not it was a valid promotion. These matters have not been challenged.

■ The classification in this case being valid, Anderson cannot be advanced except by being promoted through merit and competition as required by the Laws, Rules and Regulations of the Personnel Board. This is what the court below held, and its judgment is due to be affirmed on this ground.

In accord with the *Kendrick* case, supra, we are persuaded that the facts presented failed to show a clear, legal right in Anderson to have this Court compel the official action sought. A fair construction of the record, on the other hand, leads us to conclude in favor of the answer of the Director in his conclusion that he did not have the authority to approve the pay roll according Anderson the higher salary provided for a Criminal Investigator.

The case being decided on its merits, appellant's Assignment of Error No. 4 and the appellees' motion to dismiss require no consideration by this Court.

Affirmed.

LAWSON, GOODWYN and COLEMAN, JJ., concur.