This is an original petition for writ of mandamus for an order directing the Judge of the Circuit Court of Jefferson County to set aside the trial court's order awarding temporary alimony pending an appeal.
The pertinent facts can be gleaned from the record and petition for the writ, and are as follows:
On October 2, 1975, the court below entered an order granting the prayer of the plaintiff, LeNeta W. Segars, for an absolute divorce from defendant, D.W. Segars (petitioner herein), on the ground of incompatibility. As a property settlement between the parties and as alimony in gross, the court divested the petitioner of all his right, title, and interest in a number of parcels of real estate and awarded said real estate to the plaintiff-appellee. No periodic alimony was awarded by the court.
The petitioner's motion for a new trial was overruled by the court on November 26, 1975, and a notice of appeal to this court was filed on December 18, 1975. *Page 156 
The court below fixed the amount of the supersedeas bond at One Hundred Fifteen Thousand ($115,000) Dollars. The petitioner was unable to enter into a bond in that amount.
On February 5, 1976, the petitioner filed a motion for an extension of time for completion of the record. On February 9, 1976, the plaintiff-appellee filed a petition for rule nisi, alimony, and attorney's fees pendente lite and a motion to reduce the time requested for an extension of time for completion of the record.
A hearing was held on both petitions before Judge Goodwyn on February 11, 1976. At the hearing the evidence showed that plaintiff-appellee's living expenses were in excess of Eight Hundred ($800) Dollars per month. In addition, she was and is receiving Three Hundred Seventy-five ($375) Dollars per month representing rents from property awarded her by the court's decree of October 2, 1975.
On February 12, 1976, Judge Goodwyn entered a decree ordering the following:
1. Granting the petitioner's motion for an extension of the time for completion of the record.
2. Denying the plaintiff-appellee's petition for rule nisi.
3. Ordering the petitioner to pay to the plaintiff-appellee the following:
(a) The sum of Eleven Hundred Fifty ($1,150) Dollars as alimony pendente lite forthwith.
(b) The sum of Six Hundred Fifty ($650) Dollars as alimonypendente lite on or before March 11, 1976, and a like sum on the 11th day of each succeeding month thereafter.
(c) The sum of Fifteen Hundred ($1,500) Dollars to plaintiff-appellee's attorney of record as attorney's feependente lite forthwith for his representation of the plaintiff-appellee on appeal of this cause.
This court granted the peremptory writ and thereafter this court had a hearing thereon. At the hearing it was conceded that the only issue was whether the amount awarded as temporary alimony pending appeal was an abuse of discretion. We find it was not, and quash the writ.
Able counsel for petitioner contends that the wife's testimony shows that she only needs approximately Six Hundred Fifty ($650) Dollars per month for her support. He correctly points out that the wife receives some Three Hundred Seventy-five ($375) Dollars per month from rentals.
We have carefully reviewed the evidence and under one view, her needs are over Eight Hundred ($800) Dollars per month, plus other one-time expenses.
 "In a mandamus proceeding, the appellate court will indulge all reasonable presumptions in favor of the correctness of the judgment appealed from, and the appellant (petitioner) must overcome this presumption by satisfactorily countervailing evidence. Chestang v. Burns, 258 Ala. 587, 64 So.2d 65; Ex parte State ex rel. Denson, 248 Ala. 161, 26 So.2d 563; Ex parte Waldrop, 228 Ala. 38, 152 So. 44; Anderson v. Mullins, 281 Ala. 609, 206 So.2d 856." (Georgia-Pacific Corporation v. Dyar, 49 Ala. App. 176, 177, 269 So.2d 883, 884)
Additionally, in order for this court to issue mandamus there must be credible allegations, ironclad in nature, showing that the trial judge or other official is by law bound to do no other than that which is sought to be commanded.Georgia-Pacific Corporation v. Dyar, supra.
So viewing, we cannot issue the writ and the peremptory writ is due to be quashed as having been improvidently granted.
In addition, while it is not argued by able counsel, we find the trial court does have the authority to grant temporary alimony pending appeal. This is so even though there was no original award of periodic alimony. We find Ex parte Taylor,251 Ala. 387, 37 So.2d 656, to be authority *Page 157 
for the trial court's action. The basis for a trial court awarding temporary alimony pending appeal is to provide for a wife where she is not receiving support or other benefits as ordered under the original decree.
Here, in this instance, the wife's basic award was that of certain real estate which produced rentals. While the rentals were apparently collectible pending appeal, any sale or other transaction concerning the property could not be accomplished by the wife because of the appeal. It is therefore clear that in view of the appeal the wife was not receiving certain benefits as ordered under the original decree and therefore the trial court had the authority to order temporary support pending appeal. The peremptory writ is therefore quashed and the petition for writ of mandamus is denied.
WRIT DENIED.
WRIGHT, P.J., not sitting.