PER CURIAM.
The personnel board for Mobile County filed a petition for writ of mandamus in the circuit court of Mobile County against the mayor and the members of the city council of the City of Prichard. The petition alleged that the City of Prichard was employing three people, Paul Whiteurs, Marshall Hunt, and Angela Lee, outside the civil service system, and that these three people were being paid illegally from public funds of the city contrary to the laws and rules of the personnel board. The board asked the court to order the removal of these three from the payroll. The board contended that these people were employees of the city and, as such, are subject to the Mobile County merit system, established by local act number 470 (Local Acts of Alabama 1939, as amended).
The mayor and city council answered saying that the three individuals were consultants to the Planning Commission of the City of Prichard and, therefore, the mayor and city council had the authority under § 11-52-5, Code of Alabama 1975, to employ them outside the merit system.
*771 The case was tried for two days, and the trial judge subsequently entered an order denying the petition. The personnel board appealed. We affirm.
Authority of the planning commission to hire is governed by § 11 — 52—5, Code, which provides as here pertinent:
(a) The commission may appoint such employees as it may deem necessary for its work, whose appointment, promotion, demotion and removal shall be subject to the same provisions of law as govern other corresponding civil employees of the municipality.
The commission may also contract with city planners, engineers, architects, and other consultants for such services as it may require.
This case turns on a factual determination of whether these three people are “employees” or “consultants.” Neither term is defined in the statute. The trial court found that the personnel board
wholly failed to introduce any evidence which would indicate that these three individuals are actually employees and not “consultants”. Evidence was presented that these individuals are political allies of the Mayor of the City of Prichard. However, this Court can find no authorities, nor has it been cited to any, that would prevent the Mayor and Council from employing such persons as consultants. Counsel for the Plaintiffs [board] apparently contends that only physicians, attorneys, engineers, architects and the like can be employed as consultants. This Court rejects that notion.
The Defendants’ evidence established that the three individuals (Whiteurs, Hunt and Lee) are learned in their fields; that they are employed as “consultants” at a specified rate for twelve month periods by written contracts between the individuals and the Planning Commission of the City of Prichard (Defendants’ Exhibits H, I and J); that they receive no city benefits such as insurance and the like; and that no withholding deductions are made from the fees paid to them. Further, the Defendants introduced evidence of reports made by the individuals in their respective capacities.
Certainly the Plaintiffs have a legitimate interest in seeing to it that the merit system is not frustrated or abused, and this Court would not permit such abuse if it were clear from the evidence that the Defendants had embarked on scheme to subvert the system by the use of artifice. However, the record is devoid of any such evidence and municipalities have traditionally been allowed to employ consultants and there is nothing that would indicate that the three individuals are anything other than consultants.
On appeal the board argues that the evidence compels a reversal. We disagree. To the contrary, the evidence supports the trial court’s conclusion that these three people are actually consultants to the planning commission and also supports the finding that the board wholly failed to prove that they were not. In that posture, our review is limited. In Anderson v. Mullins, 281 Ala. 609, 206 So.2d 856 (1967), the Court stated the scope of review in a case such as this:
As a general rule, in mandamus proceedings, the appellate court will indulge all reasonable presumptions in favor of the correctness of the judgment appealed from, and the appellant must overcome this presumption by satisfactorily countervailing evidence. Chestang v. Burns, 258 Ala. 587, 64 So.2d 65; Ex parte State ex rel. Denson, 248 Ala. 161, 26 So.2d 563; Ex parte Waldrop, 228 Ala. 38, 152 So. 44.
281 Ala. at 613, 206 So.2d 856.
The judgment appealed from is due to be and the same is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.