This is an income tax case.
The taxpayer filed with the Alabama Department of Revenue a petition for refund of a portion of the income taxes he paid in 1978. The taxpayer contends that he incurred a deductible loss on the transfer of *Page 198 
certain real estate in December of 1978 and that he is entitled to a refund for taxes paid in connection with that transfer. The revenue department denied the taxpayer's petition.
The taxpayer, pursuant to § 40-18-43, Code of Ala. 1975, then instituted a mandamus proceeding in circuit court. After hearing the evidence, the trial judge denied the taxpayer's petition for a writ of mandamus. The taxpayer now appeals from the circuit court's denial of the writ and we affirm.
The record reveals the following pertinent facts:
On May 18, 1976, the taxpayer and his wife purchased 100 acres of land from Mrs. Elsie B. Estes for $7,160. On August 26, 1976, the taxpayer and his wife conveyed 20 acres of the land to their son, Mickey Best. That same day Mickey conveyed the 20 acres to Mrs. Lee Stephens for $9,000.
In November of 1976, Mrs. Estes filed suit against the taxpayer for fraud and misrepresentation in connection with the taxpayer's purchase from her of the 100 acres. The taxpayer then filed a counterclaim, alleging defective title.
Here, we note that at the time the taxpayer Best bought the land from Mrs. Estes, he was the Montgomery District Supervisor for the revenue department and had conducted an income tax audit on Mrs. Estes. Mrs. Estes had apparently failed to pay her income taxes and the taxpayer Best recommended that the department issue a tax lien on her property. After the tax lien was placed on the property, the taxpayer Best bought the 100 acres from Mrs. Estes.
After the lawsuit was filed, the taxpayer began negotiations with Mrs. Stephens to repurchase the 20 acres she had bought. In February of 1977, the taxpayer succeeded in repurchasing the 20 acres from Mrs. Stephens for $10,150.
The taxpayer then conveyed the full 100 acres back to Mrs. Estes in consideration of only $4,100 and Mrs. Estes' agreement to terminate the lawsuit.
In June of 1980, the taxpayer filed a petition for a refund in the amount of $406.54 for taxes paid in connection with the transfer of the 100 acres to Mrs. Estes in 1978. The taxpayer contended that the transaction was one entered into for profit, that he actually incurred a loss on the transaction, and that he was therefore entitled to a deduction under § 40-18-15
(a)(5), Code of Ala. 1975.
The dispositive issue in this case is whether the trial court erred in sustaining the revenue department's determination that the transfer of the 100 acres back to Mrs. Estes was not a transaction entered into for profit under § 40-18-15 (a)(5). If the transaction was not one entered into for profit, any loss incurred by the taxpayer in this case would not be deductible.
Our research fails to reveal any Alabama case law directly on point. However, where Alabama's income tax statutes have been patterned after federal statutes, federal case law construing those statutes are persuasive authority. State v. Gulf OilCorp., 47 Ala. App. 434, 256 So.2d 172, writ quashed, 288 Ala. 752, 256 So.2d 179 (1971). Section 40-18-15 (a)(5) is clearly modeled after 26 U.S.C. § 165 (c)(3). Compare § 40-18-15
(a)(5), Code of Ala. 1975, with 26 U.S.C. § 165 (c)(3). Therefore, federal case law construing the language found in26 U.S.C. § 165 (c)(3) is pertinent here. See, State of AlabamaIncome Tax Law and Regulations, Reg. 15.15 (Feb. 1979).
It is clear that the determination of whether a transaction was entered into for profit is one for the fact finder. UnitedStates v. Keeler, 308 F.2d 424 (9th Cir. 1962), cert. denied,373 U.S. 932, 83 S.Ct. 1534, 10 L.Ed.2d 689 (1963). More specifically, the fact finder must consider the taxpayer's state of mind and make the determination "with reference not to hard and fast rules, but to the facts developed in each particular case." Keeler, supra, at 434.
In the instant case, the trial judge found that the transfer of the 100 acres back to Mrs. Estes was not entered into for profit. *Page 199 
He further found that the transfer was negotiated and entered into for the personal reason of settling the lawsuit which Mrs. Estes had filed against him.
We note that in an appeal from the trial judge's denial of a writ of mandamus, such as we have here, we must indulge all reasonable presumptions in favor of the correctness of the judgment appealed from. Anderson v. Mullins, 281 Ala. 609,206 So.2d 856 (1967). Accord, Segars v. Segars, Ala.Civ.App.,333 So.2d 155 (1976).
The evidence in this case clearly supports the trial court's finding that the instant transaction in toto was not one entered into for profit. As shown above, the taxpayer repurchased 20 acres of land from Mrs. Stephens for $10,150, or $1,150 more than the price Mrs. Stephens had paid. He then conveyed the full 100 acres to Mrs. Estes in consideration of only $4,100 and Mrs. Estes' agreement to terminate the lawsuit. The reasonable inference from these facts is that the taxpayer took these actions not with the intention of making a profit, but with the intention of settling the lawsuit which Mrs. Estes had filed against him. Under the facts, this intention is certainly understandable. As a consequence, we find no error on the part of the trial court in this regard.
In view of the above, any discussion of other issues raised on appeal is pretermitted.
This cause is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.