HOLMES, Judge.
This is a tax case.
The State of Alabama Department of Revenue (Department), after an administrative hearing, entered final income tax assessments against the taxpayer for the years 1982 and 1983. The Department denied the deductions that the taxpayer claimed for business expenses incurred in drag racing. The taxpayer appealed to the Circuit Court of Colbert County, which reversed the decision of the Department.
The Department appeals. We affirm.
Ala.Code (1975), § 40-18-15(a)(l), allows taxpayers to deduct from their net income “ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.” It is under this provision that the taxpayer claims that *313 he is entitled to deduct from his net income expenses incurred in his drag racing activities.
Our research has uncovered no Alabama case law directly on point. Therefore, since § 40-18-15(a)(l) is patterned after 26 U.S.C.A. § 162 (West 1978), its federal counterpart, we look to federal case law interpreting 26 U.S.C.A. § 162. Best v. Department of Revenue, 417 So.2d 197 (Ala.Civ.App.1981).
The general test for whether the taxpayer is engaged in a “trade or business” for purposes of deducting trade or business expenses from income is “whether the taxpayer’s primary purpose and intention in engaging in the activity is to make a profit.” Zell v. Commissioner of Internal Revenue, 763 F.2d 1139, 1142 (10th Cir.1985). See Mercer v. Commissioner of Internal Revenue, 376 F.2d 708 (9th Cir.1967); Schley v. Commissioner of Internal Revenue, 375 F.2d 747 (2d Cir.1967). One looks to whether the taxpayer acted with “a good faith expectation of making a profit.” Zell, 763 F.2d at 1142; Snyder v. United States, 674 F.2d 1359, 1363 (10th Cir.1982). See Patterson v. United States, 459 F.2d 487, 198 Ct.Cl. 543 (1972).
Whether the taxpayer had such an intent or expectation is a question of fact that the trial court must determine based upon all of the circumstances. See Patterson, 459 F.2d at 493. It is our opinion that the circumstances surrounding the taxpayer’s drag racing activities support the conclusion that the taxpayer had the good faith intent to make a profit from such activities and that the taxpayer is entitled to deduct his drag racing expenses as business expenses under Ala.Code (1975), § 40-18-15(a)(l).
The record reveals that the taxpayer began drag racing in approximately 1980. He was able to use his skill and experience in making body repairs on cars to build, or rebuild, his race cars.
During 1982 and 1983 drag racing was virtually the taxpayer’s only money-making activity. Although he had a car body shop, he used it primarily to work on his own race cars. Moreover, during 1982 and 1983 the taxpayer spent quite a bit of time drag racing. He testified that he raced approximately eight months out of the year and that he averaged three races a week or about forty races each year. The taxpayer stated that he was nationally ranked in drag racing in both 1982 and 1983.
We find that such evidence showing the considerable amount of time and energy the taxpayer devoted to drag racing is an important indicator that his drag racing was intended to be a profit-making business and not merely a hobby. See Snyder, 674 F.2d 1359. Cf. Mercer, 376 F.2d 708.
The Department makes much of the fact that during 1982 and 1983 the taxpayer’s expenses far exceeded his earnings from drag racing. The Department contends that this fact indicates that the taxpayer’s drag racing was only a hobby.
The evidence shows, however, that the large expenses the taxpayer incurred in 1982 and 1983 could be considered as “start-up” expenses. In other words, in 1982 and 1983 the taxpayer was still “getting started” in drag racing, and he incurred large expenses in building his race cars. The evidence revealed that in 1984 his expenses were substantially less and that he made a small profit that year.
The Department also places much emphasis on the fact that the taxpayer kept no official business records or logs of his races. It contends that this lack of business records is an indication that his drag racing was not intended to be a business or trade. See Treas.Reg. § 1.183-2(b)(l) (1986).
The evidence, however, reveals that the taxpayer does not have an abundance of formal education and certainly had no training in maintaining business records. He did keep receipts of his racing expenses and hired an accountant to assist him in preparing his tax returns.
We find that, based upon all the circumstances before it, the trial court did not err in concluding that the Department had failed to show that the taxpayer’s drag racing was merely a hobby. Not least *314 among such circumstances, in our opinion, was the fact that the Internal Revenue Service, which audited the taxpayer for his 1983 return, treated the taxpayer’s drag racing as a business or trade.
The taxpayer has requested an attorney’s fee for representation on appeal. We are unaware of any authority to grant such a fee. The request is denied.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.