The appellants (Personnel Board) sought a writ of mandamus to force the appellees (Water and Sewer Board) to remove Clayton Guy from his employment as a consultant to the Water and Sewer Board. The Personnel Board appeals the trial court's denial of that petition.
Clayton Guy had been a member of the Water and Sewer Board for seven years prior to his being hired to his present position, the nature of which is the issue at bar. The Personnel Board complains that Guy's employment is contrary to the laws of the *Page 276 
Personnel Board, alleging that he was hired outside the merit system as a "consultant" in order to circumvent the regulatory authority of the Personnel Board. The Personnel Board is charged with the authority to control the employment of "all offices, positions, and employment in Mobile County or any such city therein . . . the holders of which are paid . . . from public funds of Mobile County or any such city." Local Acts ofAlabama 1939, Act No. 470, September 15, 1939, p. 298. The Water and Sewer Board contends that it is authorized to hire consultants not subject to the merit system, pursuant to §11-50-235(a)(12), Code 1975, and that Guy is such a consultant.See also § 11-50-343(a)(10); Vaughan v. Moore, 379 So.2d 1240
(Ala. 1980). The Personnel Board does not dispute the power of the Water and Sewer Board to hire such consultants, but argues that Guy is not such a consultant and should be removed from his position.
The Personnel Board learned of Guy's employment and subsequently called a hearing to address the issue of his employment outside the merit system. After a hearing before the Personnel Board, that board ordered the Water and Sewer Board to cancel Guy's employment. When that order was not followed, the Personnel Board sought a mandamus in the circuit court, which was denied, leading to this appeal.
The issue, therefore, is whether Guy is a "consultant" not subject to the Personnel Board's administration of the merit system.
"Consultant" is not defined in any relevant statute, but inFreeman v. Smith, 409 So.2d 770 (Ala. 1981), the supreme court affirmed the lower court's conclusion that the following characteristics are indicative of a consulting position:
 " 'The Defendants' evidence established that the three individuals . . . are learned in their fields; that they are employed as "consultants" at a specified rate for twelve month periods by written contracts between the individuals and the Planning Commission of the City of Prichard . . .; that they receive no city benefits such as insurance and the like; and that no withholding deductions are made from the fees paid to them. Further, the Defendants introduced evidence of reports made by the individuals in their respective capacities.' "
409 So.2d at 771.
The Personnel Board contends that Guy was not hired for a fixed term and that he is not "learned" in the field of water and sewer. It further argues that he is "not a bona fide consultant in any true sense of the word." The trial court found these contentions to be without merit. We agree.
That a person is "learned in his field" does not always connote that his training and experience are supported by formal schooling signified by a diploma or degree. The process of training and developing knowledge toward expertise in some occupational pursuits can be accomplished by periods of on-the-job work and other activity related to that particular subject.
In denying the Personnel Board's petition for a writ of mandamus, the trial court stated as follows:
 "The court finds that this case turns on a factual determination of whether Mr. Guy is in fact a consultant to the Water Board or an employee of the Water Board.
 "4. The evidence established and the court finds that Mr. Guy has for many years served as a member of one or more public boards or commissions within the City of Prichard, Alabama, and for the last seven (7) years prior to being hired as a consultant to the Water Board, he served as a member of the Board. Upon the expiration of his term as a member of the Water Board, he was hired by the Board as an administrative consultant to consult with and advise the Board as to matters pertaining to operation of the water system and sewer system owned by the Board. He was hired at a fixed rate of pay, he receives no employee benefits such as insurance, retirement, sick leave, and the like which are received by merit system employees of the Board, and no withholding deductions are made from the fees paid to him as a consultant. The court further finds from the evidence that Mr. Guy's job calls for *Page 277 
him to consult and advise with the Board as to the operation of its system and its responsibilities in reference thereto, that he does not supervise any of the employees of the Board, nor does he report to any employee of the Board. He is never told when or how to do any work that he performs, but is told only the result that the Board would like to obtain. The court finds that based upon Mr. Guy's many years of experience serving on public boards and commissions in Prichard and the numerous conferences and training sessions attended by him while a member of these boards, and particularly as a member of the Water Board, he is learned in this field, and has particular expertise as a consultant to the Water Board.
 "The court expressly finds that there is no evidence to support the allegations of the complaint that the Water Board designated Mr. Guy as a consultant in order to avoid compliance with the laws and the rules of the Personnel Board, nor any evidence of any scheme to subvert or otherwise avoid or evade the merit system by use of the artifice of labeling Mr. Guy a consultant. Municipal corporations have traditionally been allowed to employ consultants and there is nothing that would indicate that Mr. Guy is anything other than a consultant to the Water Board."
In an appeal from a trial judge's denial of a petition for a writ of mandamus, this court must indulge all reasonable presumptions in favor of the correctness of the judgment appealed from. Best v. State Department of Revenue,417 So.2d 197 (Ala.Civ.App. 1981). Given this standard of review, we cannot say the trial court was in error by denying the Personnel Board its extraordinary writ.
This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.