HOLMES, Judge.
This matter comes on petition for writ of mandamus for an order directing the Honorable Thomas E. Head III to recuse himself from the case in question and directing the Honorable Terry L. Butts, Presiding Judge of Coffee County Circuit Court, to submit the case to either the Administrative Office of Courts or the Supreme Court of Alabama so that the case can be reassigned to a new judge.
Other requests for relief were sought by the petitioner, but we find the above to be dispositive of the central issue as presented in the petition for a writ of mandamus.
This is a post-divorce child custody modification case.
Our denial of the petition is based upon the pertinent and operative facts of the case as set out below.
The instant proceedings began when the husband on August 28,1987, filed a motion for a temporary modification of custody. Later that same day the Honorable Gary McAliley entered an ex parte order granting the motion, which had the immediate effect of transferring the two minor children from the custody of the wife to the husband. That order would subsequently be set aside on November 18, 1987, by Judge Head, who was assigned to the case by Presiding Judge Butts after Judge McA-liley on November 10, 1987, recused himself from the case.
The events and circumstances surrounding the appointment of Judge Head by Presiding Judge Butts are the main focus of the wife’s contention that Judge Head should also recuse himself from the case and that a new judge be appointed pursuant to authority of the Administrative Office of Courts or the Supreme Court of Alabama.
We would note that this court has figured prominently in these proceedings by our granting on November 17, 1987, the wife’s petition for a temporary stay of the original ex parte order temporarily removing her children from her custody. That ex parte order, as stated above, was set aside by Judge Head on November 18, 1987, the day after this court’s action.
It is the personal relationship between Presiding Judge Butts and the husband in this case and a trip that was allegedly taken to Reno, Nevada, during the penden-cy of these proceedings in September 1987 that comprise the most serious allegations *57 made by the wife with respect to any improper or unethical conduct that may have or yet still could occur in this case.
As indicated, the wife seeks a writ of mandamus to require Judge Head to recuse himself in this case and to have Presiding Judge Butts submit the case to either the Administrative Office of Courts or the Supreme Court of Alabama so that the case could be reassigned to another judge. She contends in her petition the following as grounds for issuance of the writ:
“3. That the close personal relationship between the Presiding Judge and the former Husband, which [goes] so far as to put the Presiding Judge and the former Husband vacationing in Reno, Nevada together in the presence of the children during the pendency of these proceedings; and, in particular, during the time there was pending a request for emergency relief in Pike County constitutes a sufficient, overwhelmingly sufficient, appearance of impropriety to mandate reassignment of this cause.”
That is, the wife contends that the totality of these circumstances — which involve pertinently the alleged relations between the Presiding Judge and the husband during the pendency of the proceedings and the subsequent reassignment of the case to Judge Head by Presiding Judge Butts— mandates that “the trial judge ... recuse himself and the Presiding Judge ... submit this case for reassignment to a judge who is not influenced by localism or under the supervision or influences or persuasion of the Presiding Judge.” We disagree.
Our disagreement with the wife’s contention is based upon the fact that there has not been anything yet presented to this court of a substantial nature that would cast any aspersion upon the ability of Judge Head to sit on the instant case in anything but an impartial and fair manner as befitting his office such as to require the issuance of the writ.
The question is whether Judge Butts’s conduct in some form or another in taking a trip with or in conjunction with one of the litigants so infects the legal proceedings in this case that the Alabama Canons of Judicial Ethics and the applicable case law require a writ of mandamus to issue.
From the facts presented to this court at present, we are unable to conclude that Judge Head’s continuing presence in this case in any way compromises the judicial process in the case or creates the appearance of impropriety such that his recusal is mandated.
However, we are not to be understood as condoning the Presiding Judge’s conduct in this case, even if his and the husband’s version of the circumstances surrounding the trip to Reno is the more accurate one.
Had Judge Butts in fact known substantively of the instant proceedings, gone on the trip with the husband anyway, and then appointed a new judge of his choosing in the case, we think that the impartiality of the entire legal process — in view of the totality of these circumstances — might well have been seriously compromised in the eyes of the public such that the extraordinary writ of mandamus might be the appropriate remedy.
Canon 2 of the Alabama Canons of Judicial Ethics pertinently states as follows:
“A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
[[Image here]]
“C. A judge should not allow his family, social, or other relationships to influence his judicial conduct or judgment. He should not lend the prestige of his office to advance the private interests of others; nor should he convey or permit others to convey the impression that they are in a special position to influence him.”
More to the point in this case, the Commentary to that Canon reads in pertinent part as follows:
“Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. He must expect to be the subject of constant public scrutiny. He must, *58 therefore, accept restrictions on his conduct that might be viewed as burdensome by the ordinary citizen and should do so freely and willingly.”
The Commentary to Canon 3 is also pertinent in that it reads as follows:
“(4) A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider ex parte communications concerning a pending or impending proceeding.”
In view of these most basic principles by which a judge is required to conduct himself in the performance of the duties of his office, the instant case is one in which Presiding Judge Butts might have better served the “spirit” of the judicial code of ethics by refraining from contact of the sort alleged in this case. However, we note at this point that, in order for this court to issue such a writ, there must be credible allegations which are ironclad in nature, showing that the trial judge is bound by law to do what the petitioner requests. Segars v. Segars, 333 So.2d 155 (Ala.Civ.App.1976). As stated, we find,no such credible allegations in this case. Nor has our reading of the pertinent case law on the subject convinced us to grant the requested writ.
In short, while the facts in this case may come very close to approaching that point at which a writ of mandamus should properly issue, we do not believe that the conduct of Judge Butts is such that the law requires the recusal of Judge Head through the issuance of an extraordinary writ of mandamus.
Accordingly, the petition for writ of mandamus is denied.
WRIT DENIED.
BRADLEY, P.J., and INGRAM, J., concur.