This case concerns the construction of the Alabama Surface Mining and Reclamation Act of 1981 (Reclamation Act), specifically *Page 1080 
§ 9-16-93(f), Ala. Code 1975. The Alabama Surface Mining Commission (commission) filed suit against Dixie Fuels, Inc., Southern Natural Energy Corporation, Donald Rice, and J. Larry Moore, contending that certain coal mining permits were unreclaimed and in violation of the Reclamation Act. The case was submitted to the circuit court for a decision, based upon stipulation of facts and briefs of the parties.
After a review of the submissions of the parties and the applicable law, the trial court found that defendants Rice and Moore, as agents of the corporate defendants, are personally liable for complying with the Reclamation Act. From this order Rice and Moore appeal to this court.
The facts are undisputed and, in pertinent part, reveal the following: Rice and Moore obtained licenses and permits for surface coal mining operations for the corporate defendants (Dixie Fuels, Inc., and Southern Natural Energy Corporation), as required by the Reclamation Act. Ala. Code 1975, §§ 9-16-81
and 9-16-82. Rice and Moore were officers of the permittee corporations and were involved in the day-to-day operations of the companies. They were spokesmen for the corporate permittees. The facts are also undisputed that the corporate permittees failed to correct the violation for which they were cited and that the violations still exist. The land remains in an unreclaimed state or, in other words, the mined land has not been converted to its former or other allowable use, as required by the Reclamation Act.
The dispositive issue on appeal is whether the trial court erred in finding Rice and Moore to be personally liable under the Reclamation Act.
The purpose of the Reclamation Act is to provide for the safe, responsible, and reasonable reclamation of lands upon which surface disturbances will be created by surface mining and the surface effects of underground mining. This is to protect the taxable value of property, preserve natural resources, and promote the health and safety of the people of this state. Ala. Code 1975, § 9-16-71(a).
The Reclamation Act also sets forth a procedure whereby the regulatory authority (commission) may take certain action in obtaining relief for failure to comply with the act. That provision is as follows:
 "(f) The regulatory authority may request the attorney general to institute a civil action for relief, including a permanent or temporary injunction, restraining order, or any other appropriate order in the circuit court for the county in which the surface coal mining and reclamation operation is located or in which the permittee thereof has his principal office, whenever such permittee or his agent (1) violates or fails or refuses to comply with any order or decision issued by the regulatory authority under this article. . . . Such court shall have jurisdiction to provide such relief as may be appropriate." (Emphasis added.)
§ 9-16-93(f), Ala. Code 1975.
The above provision clearly establishes the elements of a cause of action which would entitle the regulatory authority (commission) to an appropriate order of the court. There must be (1) a violation of or failure or refusal to comply with (2) any order or decision (3) issued by the regulatory authority under the Reclamation Act (4) by a permittee or its agent.
Clearly, in the instant case, there has been a violation of the Reclamation Act. It is undisputed that the permittee corporations were cited for such violation but that it still exists. Therefore, the only question that we must determine is whether Rice and Moore are the "agents" of the permittee corporations so as to be held liable under this section.
Our research fails to reveal any Alabama case law specifically concerning § 9-16-93(f). However, 30 U.S.C. § 1271(c), the statute on which § 9-16-93(f) is based, has been interpreted and was found to impose personal liability on individual agents of corporate violators under similar facts to those presented here. United States v. Dix Fork Coal Co.,692 F.2d 436 (6th Cir. 1982). *Page 1081 
In defining the term "agent" within the meaning of the federal statute, the court in Dix chose to " 'transplant' a definition from a parallel statutory framework embodying a similar policy, purpose and structure." 692 F.2d at 440. The court used the definition of "agent" provided in the Coal Mines Health and Safety Act, 30 U.S.C. § 802(e), which states: " '[A]gent' means any person charged with responsibility for the operation of all or a part of a coal or other mine or the supervision of the miners in a coal or other mine." The court concluded that:
 "Applying this definition by analogy, it is evident that a § 1271(c) 'agent' includes that person charged with the responsibility for protecting society and the environment from the adverse effects of the surface coal mining operation and particularly charged with effectuating compliance with environmental performance standards during the course of a permittee's mining operation."
692 F.2d at 440.
This court has often stated that federal case law construing federal statutes upon which Alabama statutes were patterned will be given great weight as persuasive authority in determining construction of a state statute. See AssuredInvestors Life Ins. Co. v. National Union Associates, Inc.,362 So.2d 228 (Ala. 1978); see also Best v. State Department ofRevenue, 417 So.2d 197 (Ala.Civ.App. 1981). Here, §9-16-93(f) is practically verbatim and clearly modeled after30 U.S.C. § 1271(c). We find the federal case law construing the language found in 30 U.S.C. § 1271(c) to be applicable here. Therefore, under the undisputed facts here, we find Rice and Moore to be agents of the permittee corporations.
As agents pursuant to § 9-16-93(f), Rice and Moore are subject to any appropriate order of the court. Here, the trial court ordered them to complete reclamation of the surface coal mining operations of Southern Natural Energy Corporation and Dixie Fuels, Inc., pursuant to the Reclamation Act. Refusal to implement affirmative obligations on Rice and Moore as agents would permit circumvention of the Reclamation Act through the establishment of a sham corporation. Dix, supra. As stated inDix, it appears that this is precisely the type of situation which our legislature attempted to foreclose through enactment of the broad relief available under § 9-16-93(f).
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.