**Walter F. STEWART, Plaintiff-Appellant,**

**v.**

**James C. BAILEY, Individually and as Director of the George C. Wallace Technical Community College, and LeRoy Brown, Individually and as State Superintendent of Education, Defendants-Appellees.**

**No. 75-2996.**

United States Court of Appeals, Fifth Circuit.

July 22, 1977.

■

---

Before GOLDBERG and HILL, Circuit Judges, and KERR *, District Judge.

KERR, Senior District Judge.

In this civil rights action plaintiff Walter F. Stewart (Stewart) alleges violation of the First and Fourteenth Amendments rights stemming from his dismissal as .a nontenured teacher. A summary of the facts is essential to an understanding of the issues involved.

Stewart was an instructor at the George C. Wallace Technical Community College located in Hanceville, Alabama. He had been employed under four successive one-year contracts. The defendant James C. Bailey (Bailey) was director of the school. Defendant LeRoy Brown was the State Superintendent of Education.

On March 15, 1974, in the middle of Stewart's contract term, Bailey wrote to Stewart notifying him that he was being terminated as of March 22, 1974, for cause. The letter (see appendix) listed several grounds for termination, including the following: "You were repeatedly warned concerning your attitude toward your superior and administration policies. You have been openly critical concerning State Board of Education policies and rules and regulations . . . adopted by the Administrator of the school." The letter also contained the phrase: "This letter is to advise you in conformance with all due process in dismissing an instructor or teacher, . . ."

Bailey testified that on several occasions he advised Stewart that the school would provide him with a hearing in relation to his dismissal. Stewart denied this and testified that at no time did Bailey discuss the possibility of a hearing to inform him of his due process rights.

At the time of Stewart's dismissal, the College did not have an independent administrative dismissal appeal procedure. Supervision of the school was vested in the State Board of Education which in 1971 had established an informal ad hoc committee to

Edward Still, William M. Dawson, Jr., Birmingham, Ala., Jerry D. Anker, Steven E. Silverman, David Rubin, Washington, D. C., Matthew Horowitz, National Education Association, Washington, D. C., for plaintiff-appellant.

James R. Knight, Knight, Knight & Griffith, Cullman, Ala., for defendants-appellees.

* Senior District Judge of the District of Wyoming sitting by designation.

hear dismissal appeals. This committee had not publicized its existence and both Stewart and Bailey were unaware of this appellate procedure. Stewart, however, testified that he consulted two different attorneys concerning his termination and was an active member of the Alabama Education Association which is an organization that defends teachers' rights.

On March 22, 1974, the effective date of his dismissal, Stewart presented a letter of resignation to Bailey. The letter requested termination effective April 5, 1974. Stewart testified that he submitted his resignation in order to obtain a favorable job reference. Bailey accepted this resignation and paid Stewart through April 5, 1974.

On March 20, 1975, approximately one year after his resignation, Stewart brought this action alleging violation of his constitutional rights to freedom of speech and procedural due process. He seeks reinstatement, back pay and a hearing. At the hearing on Stewart's motion for a preliminary injunction requiring reinstatement *pendente lite* the court ordered the trial of the action on the merits to be advanced and consolidated with the hearing on the motion. After the evidence was presented, the court entered judgment for the defendants holding that Stewart had waived his right to a hearing by submitting his resignation. From this judgment Stewart appeals.

## RIGHT TO FREEDOM OF SPEECH

The letter of dismissal which was sent to Stewart claimed that one of the grounds for dismissal was that Stewart had been openly critical of the State Board of Education and of the school administration. Stewart submits that this required the district court to consider the impropriety of the dismissal.

■ The dismissal or termination of a public employee will not be upheld when the basis for the action infringes upon constitutionally protected interests such as freedom of speech. *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Pred v. Board of Public Instruction*, 415 F.2d 85 (5th Cir. 1969), cert. den., *Cherokee Laboratories v. Pierson*, 396 U.S. 1059,

90 S.Ct. 753, 24 L.Ed.2d 753; *Roane v. Callisburg Independent School District*, 511 F.2d 633 (5th Cir. 1975). This protection extends to a teacher's right to criticize the actions or policies of school officials. *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). However, not all speech rises to the level of constitutional protection. *Pickering*, supra. *Pickering* required that the statements "involve matters of general public concern— disagreement about the operations and functions of the college are not protected." And in *Kaprelian v. Texas Woman's University*, 509 F.2d 133 (5th Cir. 1975) this court expressed doubt as to "whether a subordinate's insistence on imposing his general policy views on his superior . . . or publicly denigrating his college fall within these protections."

■ Finally this court recognizes that "[t]he college had no right to control his speech or to curtail his freedom of association, but they did have a right to terminate his employment as a classroom instructor at the point where the exercise of his constitutional privileges clearly over-balanced his usefulness as an instructor." *Ferguson v. Thomas*, 430 F.2d 852 at 859 (5th Cir. 1970).

There was no evidence introduced at the trial as to exactly what statements Stewart made. Rather, Stewart denied having made any statements as alleged in the letter of dismissal stating that he had always been complimentary of Mr. Bailey. Faced with this lack of evidence, the trial court declined to discuss in its memorandum opinion the free speech question which requires an evaluation both of the content and the effect of the statements made and instead based its ruling on other matters.

■ The free-speech issue is not determinative in this case. "If the instructor challenges his termination on grounds that his constitutional rights have been infringed, a decision of that claim may and should be avoided if valid non-discriminatory grounds are shown to have been the basis of the institution's action." *Ferguson*, supra. The letter of dismissal contained several

grounds as a basis for termination other than that directed toward Stewart's alleged criticism of the school system. These include use of alcohol on campus, harassing a female teacher, and failure to abide by the rules and regulations of the institution. Even though the trial court limited the discussion to the procedural question, the record contains sufficient evidence to indicate that dismissal was justified in the light of such conduct on the part of an instructor. Considering the record as a whole, the failure of the trial court to determine the First Amendment claim was not error.

## DUE PROCESS OBJECTION

The trial court determined that Stewart was entitled to procedural due process before he could be dismissed because dismissal during the term covered by his contract impaired a property right and because he had an interest in his good name, reputation and integrity.

 The Supreme Court has held that the Fourteenth Amendment does not require a due process hearing unless the nonrenewal of a nontenured teacher's contract is shown to have deprived the teacher of an interest in "liberty" or that he had a "property interest" in continued employment. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548. This is similar to the decision of this court that an expectancy of reemployment by a nontenured teacher is sufficient to create a property right worthy of constitutional protection. *Ferguson v. Thomas*, supra; *Sindermann v. Perry*, 430 F.2d 939 (5th Cir. 1972); *Stapp v. Avoyelles Parish School*, 545 F.2d 527 (5th Cir. 1977). Without such a constitutionally protected right, no due process proceeding is required. That a teacher dismissed during the term of his contract has a recognizable property interest is clear. *Wieman v. Updegraff*, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216.

 The *Roth* decision indicates that in some circumstances the school must initiate the due process procedure. Where the college dismisses a professor or refuses to rehire one for reasons which affect a person's good name, reputation, honor, or integrity notice and an opportunity to be heard are essential. The charges made against Stewart are sufficient to impose responsibility for conformance with due process requirements upon the school.

 This circuit has established four requirements necessary to afford minimal due process to a teacher; viz.

(a) He be advised of the cause or causes for his termination in sufficient detail to fairly enable him to show any error that may exist;

(b) He be advised of the names and the nature of the testimony of witnesses against him;

(c) At a reasonable time after such advice, he must be accorded a meaningful opportunity to be heard in his own defense; and

(d) That hearing should be before a tribunal that both possesses some academic expertise and has an apparent impartiality toward the charges. *Ferguson v. Thomas*, supra at 856.

The *Ferguson* case goes on to recognize that in many cases the matters involved in a termination for cause can be harmful if made public. Therefore, the court held that "at the outset, the college need merely indicate that termination for cause is in the offing. If the professor accepts the situation, so be it. If the professor challenges the termination, then the college should come forward with its slate of reasons, [supra] and the above procedures thus commence." Ibid.

 The evidence supports the findings that Bailey discussed with Stewart his dissatisfaction with Stewart and advised him of his opportunity to be heard in his own defense. That on March 15, 1974, Bailey advised Stewart of the reasons for the proposed dismissal and the names of witnesses and the nature of the testimony against him and that Stewart submitted his letter of resignation on March 22, 1974. By resigning Stewart declined to exercise his due process option and the college was ex-

cused from further due process requirements. Stewart knowingly and intelligently chose to waive his right to a hearing in order to improve the possibility of obtaining other employment.

We hold that the college met its initial duty of offering Stewart a hearing and that the failure to proceed with such hearing was due to Stewart's failure to oppose the dismissal. The opportunity for a meaningful hearing clearly existed and was declined.

AFFIRMED.

## APPENDIX
·March 15, 1974

Mr. Walter Stewart
2205 Fantansia Drive NW
Cullman, AL 35055

Dear Mr. Stewart:

This letter is to advise you in conformance with all due process in dismissing an instructor or teacher, and upon recommendation of the Advisory Council of George C. Wallace State Technical Community College, the State Superintendent, and the District State Board Member, that you employment as an instructor at the George C. Wallace State Technical Community College, Hanceville, Alabama, is hereby terminated and you are dismissed as of March 22, 1974.

The termination of your employment is for the following reasons and causes:

A. Insubordination
B. Other just and good causes herein set out.
C. Wilfull refusal to obey reasonable rules and regulations.

Insubordination:

1. You were repeatedly warned concerning your attitude toward your superior and administration policies. You have been openly critical concerning State Board of Education policies and rules and regulations (concerning State Board of Education policies and rules and regulations) adopted by the Administrator of the School.

2. You have openly violated rules adopted and published in teachers handbook, a copy of which is attached and made a part of this letter as though the same were fully set out herein.

3. You have wilfully refused to obey the reasonable rules and regulations of this institution in that you have:

a. Attended an AEA meeting at the Middle School on February 15, 1974 and were obviously intoxicated and you made public derogatory statements about the Technical School and said you were keeping a file on the undersigned and that everything was "going to blow wide open in a few days".

b. Appeared on campus while drinking intoxicating beverages and talking in a loud and unbecoming manner before students.

c. Following and harrassing the cosmetology instructor and opening locked doors to enter the office where she had secured herself, while you were in an intoxicated condition.

d. After being warned several times to refrain from drinking on campus during school hours, you did continue to drink beer on campus.

e. You have consistently critized me for my efforts in attempting to add additional courses and expand our school curriculum.

f. Your harassment of fellow instructors as to their responsibilities and their time of arrival and departure.

g. For unloading beer on campus around 4:00 p. m. on November 9, 1973.

h. For accepting beer from a student on campus.

i. For refusing to follow directions of Administrator with reference to school policies.

For reasons set out above and for other good and valid causes your employment is terminated as of March 22, 1974. The

above facts are documented with signed and notarized statements.

Yours very truly,

JAMES C. BAILEY

Director, George C. Wallace Technical Community College

JCB:rs

Encl.—1

GOLDBERG, Circuit Judge, dissenting:

The George C. Wallace Technical Community College fired appellant Walter F. Stewart from his job as a teacher. He challenges the firing on procedural due process and first amendment grounds. The district court rejected the procedural due process claim, finding that Stewart knowingly and intelligently waived his right to a hearing. I agree with the majority that that finding is not clearly erroneous. The district court failed to adjudicate the first amendment claim, apparently believing that a procedurally impeccable firing could not possibly violate the first amendment. That view is obviously wrong. I would reverse.

Taking a different tack from the trial court, the majority rejects the first amendment claim upon finding insufficient evidence that Stewart's firing was based on the exercise of protected rights. The lack of evidence is hardly surprising; the district court refused to hear any evidence on the issue.[1] This refusal to hear first amendment evidence was tantamount to a holding that the complaint failed to state a first amendment claim.

I believe the complaint does state a first amendment claim. As noted in the complaint, the letter informing Stewart of his dismissal listed as one ground his criticism of State Board of Education policies. A dismissal even partially based on the exercise of first amendment rights is unconstitutional. Although a teacher's criticism of his superiors is by no means protected under all circumstances, Stewart's allegations are clearly sufficient to withstand a motion to dismiss.[2] *See generally Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).

Unless we are to hold with the district court that a state may trample first amendment rights so long as it complies with procedural niceties, we must reverse this judgment. A state should not be allowed to deny free speech with or without a hearing. This proposition is too clear for argument. I cannot say with assurance that Stewart would be unable to prove his claim if allowed to present his evidence. Because we do not ordinarily uphold judgments on the basis of a guess as to what the facts might show if a trial were held, we should send the first amendment claim back for trial.[3] I respectfully dissent.

---

1. The only hearing began as a preliminary injunction hearing. Stewart points to two instances when the district court limited the evidence, one affecting each party. The record demonstrates a general understanding that only procedural issues were under consideration; the parties were not to address the first amendment claim. Near the conclusion of the hearing, the court announced that it was consolidating the trial on the merits with the preliminary injunction hearing under Fed.R.Civ.P. 65(a)(2). Stewart's counsel said he had no objection "so long as everybody understands really what we are talking about here are the procedural aspects of this firing and not, of course, whether or not there's any good cause." While the record is less than com-

pletely clear, I believe the district court prevented Stewart from trying his first amendment claim.

2. The record contains no indication of what "Board of Education policies" Stewart criticized.

3. No one has suggested that Stewart should be foreclosed from litigating his claim because he failed to exhaust administrative remedies. Even if exhaustion were ordinarily required for § 1983 claims—which it is not—exhaustion should not be required when the state has established no administrative procedures, as was the case here.