349 So.2d 13 (1977)
Billy Dwight JARRETT
v.
SHELBY COUNTY BOARD OF EDUCATION et al.
SC 2519.
Supreme Court of Alabama.
August 12, 1977.
Rehearing Denied September 9, 1977.
Joseph E. Carr IV, Montgomery, for appellant.
Conrad M. Fowler, Oliver P. Head and Karl C. Harrison, Columbiana, for appellees.
FAULKNER, Justice.
Billy Dwight Jarrett, a non-tenured school teacher appeals from a decree holding that he had unconditionally resigned his employment by the Shelby County Board of Education. We affirm the trial court.
*14 Jarrett, a graduate of the University of North Alabama, was employed by the Board for the 1975-'76 school year as a non-tenured teacher and assistant coach at Thompson High School. He had previously taught and coached at Mortimer Jordan High School. Jarrett, a high tempered person, received complaints during the 1975-'76 athletic season, from the school principal and some of the parents for his brutality toward the young athletes. In one instance he hit a young football player on the side of his helmet, knocking him to the ground. A similar incident occurred at another game causing the fans to boo him. On another occasion, Jarrett threw a baseball bat into the dugout where players were seated.
In addition to his one-sided pugilistic encounters with the young players, Jarrett was told by the school principal that he, the principal, was dissatisfied with his school performance. In a meeting with Jarrett, the principal told him that he intended to recommend non-renewal of his contract for the 1976-1977 school year. The reasons given by the principal, among others, were the incidents at the athletic events, Jarrett's numerous absences from his teaching station, his neglect of classes, his lack of cooperation with the head coach, complaints from parents, and the use of profanity in the presence of young ball players. Given an opportunity of resigning or being fired, Jarrett chose to resign. However, Jarrett contends that his resignation was conditioned upon his finding employment with another school. The principal and the Board contend that Jarrett resigned unconditionally; that he was permitted to resign as an act of graciousness because "being fired" would look bad on his record.
Jarrett did not find employment at another school, but he did tell every school to which he applied that he had resigned from Thompson. When form notices of Teacher Institute Day were sent to the Shelby County teachers for 1976-1977 school year, Jarrett erroneously received one. Although his receiving a notice was in error, Jarrett now says that by receiving the form notice, he was employed for the coming year; that his resignation had not been accepted. Meanwhile, the Board had employed a replacement for Jarrett, and this, says the Board, constituted its acceptance.
The evidence is clear that Jarrett intended to resign rather than having "fired," "dismissed" or some other unflattering word appear on his record. And the evidence also shows that his resignation, under the circumstances, was unconditional. Jarrett cannot look to T. 52, § 361(2), Code of Alabama for shelter.[1] That security blanket was swept away by his resigning. Upon his resignation, he was not entitled to any notice of non-renewal of his contract. Giving notice would have been a useless gesture of the Board. So, under the facts, we opine that T. 52, § 361(2) has no relationship to this case. This leads to the threshold question, was his resignation accepted by the Board? We answer yes. By employing a teacher to replace Jarrett, the Board impliedly accepted Jarrett's resignation. Cf. 78 CJS Schools and School Districts § 206, p. 1102. Board of School Commissioners of City of Indianapolis v. State, 211 Ind. 257, 5 N.E.2d 307.
AFFIRMED.
BLOODWORTH, JONES, ALMON, EMBRY and BEATTY, JJ., concur.
TORBERT, C. J., MADDOX and SHORES, JJ., dissent.
*15 TORBERT, Chief Justice (dissenting):
I respectfully dissent.
I do not agree with the majority that the provisions of Tit. 52, § 361(2) Code of Alabama 1940 (Recomp.1958) are inapplicable to the facts of this case. To the contrary, § 361(2) provides the statutory means by which teacher contracts are canceled and renewed in this state. I would therefore hold that this case is due to be reversed because of the employing school board's total failure to comply with the mandatory non-renewal procedures of § 361(2), i. e., no written notice of non-renewal was given to Jarrett on or before the last day of the school term.
A teacher may, of course, seek to terminate his employment by a voluntary resignation. However, in order to be effective, such resignation must be accepted and acted upon by the employing board of education which has exclusive authority to employ teachers and terminate contracts of employment. 78 C.J.S. Schools and School Districts § 206 (1952). In Marshall County Board of Education v. Baugh, 240 Ala. 391, 199 So. 822 (1941), a class action suit seeking reinstatement of discharged teachers, this court held in granting the relief sought:
"[T]he `employing board' is the County Board of Education and if the teacher is not to be retained for another year such teacher has the right to expect that such matter be determined upon the judgment of the County Board, as expressed in its written memorials and at a meeting where the board acts as a board and not as individuals. [Citing, Board of Education of Escambia County v. Watts, 19 Ala.App. 7, 95 So. 498 (1922)]. Such a meeting presupposes consultation and discussiona deliberative body looking to the best interest of the school system with due regard likewise for justice and fairness to the teachers." (Emphasis supplied). 240 Ala. at 395-96, 199 So. 825.
In summary, the employing school board's obligation of notice of non-renewal was not suspended by the resignation of Jarrett because no formal action of acceptance of the resignation was ever taken by the board. The majority implies this acceptance by the employment of a replacement for Jarrett. However, there was no evidence that the board relied upon the resignation of Jarrett in hiring the new teacher. More must be done to waive the formalities of § 361(2) concerning non-renewal than a mere oral declaration of resignation given to a principal who has no authority to accept such a resignation.
Section 361(2) also speaks to the obligation of a teacher that:
"[S]uch teacher shall be presumed to have accepted such employment [for the upcoming school year] unless he, or she, shall notify the employing board of education in writing to the contrary on or before the fifteenth day of June." [Emphasis supplied].
The record is clear that this event did not occur. Accordingly, Jarrett would have been obligated to fulfill his teaching duties during the next school year.
I would therefore hold that under the facts and the law Jarrett was deemed offered reemployment for the succeeding school year and was obligated to accept such employment and perform his teaching duties.
MADDOX and SHORES, JJ., concur.
NOTES
[1] § 361(2). Teacher deemed reemployed for succeeding school year unless notified.Any teacher in the public schools, whether in continuing service status or not, shall be deemed offered reemployment for the succeeding school year at the same salary, unless the employing board of education shall cause notice in writing to be given said teacher on or before the last day of the term of the school in which the teacher is employed; and such teacher shall be presumed to have accepted such employment unless he, or she, shall notify the employing board of education in writing to the contrary on or before the fifteenth day of June. The employing board of education shall not cancel the contract of any teacher in continuing service status, nor cause notice of nonemployment to be given to any teacher whether in continuing service status or not except by a vote of majority of its members evidenced by the minute entries of said board made prior to or at the time of any such action.