Plaintiff appeals from a summary judgment rendered in favor of defendants. We affirm.
Plaintiff was a teacher with rights of tenure at defendant college. Such rights arose from the provisions of § 16-60-111, Code of Alabama (1975) and rules and regulations duly adopted under authority of said statute by the Alabama State Board of Education.
The facts giving rise to the present controversy were stipulated below and are abbreviated as follows: On April 13, 1977, the president of the "college" informed plaintiff by letter that because of decreased enrollment, her contract as a teacher of music would not be renewed for the school year 1977-78. However, she was offered a part-time teaching position at a salary of forty-three percent of her present salary. Plaintiff responded by letter of June 1, 1977, accepting the new position with "sadness and protest." On July 14, 1977, plaintiff accepted a full-time teaching position with another university effective August 22, 1977. She sent a letter of resignation to the "college" informing it that she had accepted another position.
On September 16, 1977, counsel for the Alabama Education Association requested of the State Superintendent of Education, on plaintiff's behalf, that she be granted a hearing as to the cause of the non-renewal of her contract by the "college." On November 10, 1977, plaintiff was notified that she would be afforded an evidentiary hearing on December 8, 1977 before an ad hoc committee established for such purpose by resolution of the State Board of Education.
The hearing was duly held with all parties appearing with counsel. The committee upheld the non-renewal of plaintiff's contract because of a justifiable decrease in teaching positions. The Board of Education adopted the finding and report of the committee on May 10, 1978.
On the 15th day of June, 1978, counsel filed a class action on behalf of plaintiff and others seeking a declaration that the termination of plaintiff's contract was unconstitutional for lack of due process and that the defendants be restrained from terminating her contract. After consideration of the stipulation heretofore cited, exhibits and the transcript of the hearing before the ad hoc committee, the trial court entered summary judgment in favor of defendants.
Plaintiff has failed to state an issue for appeal, but has submitted five propositions of law and presented argument thereon in brief and orally before the court. Of course, the primary issue is whether in light *Page 428 
of the absence of dispute as to any material fact, plaintiff was not entitled to the relief she sought as a matter of law;i.e., did the court correctly grant summary judgment to defendants? Rule 56 (c), ARCP.
In deciding that issue there are two questions to answer. First, did plaintiff accept her non-renewal or resign from the service of the "college" without requesting a hearing?
It has previously been shown that plaintiff responded to the notice of the non-renewal of her contract and the accompanying offer of a part-time position by a letter written forty-eight days later. She said in her letter that she accepted the offered position with sadness and protest and was sorry that her position of tenure had been abolished. There was no request for a hearing. Forty-five days later, plaintiff tendered her resignation as a member of the "college" faculty with notice that she had accepted full-time employment elsewhere. She still had requested no hearing. It was not until another sixty-three days had expired and she had entered the duties of new employment that plaintiff's counsel requested a hearing. Thus a total of one hundred fifty-six days expired from notice of non-renewal until the request for hearing. In the interim plaintiff had accepted a part-time position with the "college," resigned from the faculty of the "college" and accepted full-time employment with another institution.
As a teacher with tenure, plaintiff had a constitutionally protected property interest which could not be terminated without the opportunity of procedural due process. Perry v.Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972);Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701,33 L.Ed.2d 548 (1972); Slochower v. Board of Education,350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692 (1956). However, it has been declared by the Supreme Court that due process does not require a pre-termination hearing in most cases, only a post-termination opportunity to be heard. Arnett v. Kennedy,416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); Morgan v.Fletcher, 518 F.2d 236 (5th Cir. 1975). There is no due process requirement other than providing opportunity for a hearing. It is the teacher desiring to challenge the termination who has the initiative to request a hearing. Arnett v. Kennedy, supra.Stewart v. Bailey, 556 F.2d 281 (5th Cir. 1977). Even under the state tenure statute § 16-24-10, it is the responsibility of a terminated teacher to file notice of an appeal within fifteen days after dismissal. There is no contention nor evidence presented that plaintiff was not aware of the resolution of the State Board of Education establishing the ad hoc committee for hearing administrative appeals. It may be said that a delay of over one hundred fifty days in filing a request for a hearing constitutes an unreasonable delay and was a waiver or abandonment of plaintiff's due process rights. When coupled with the stipulated facts that plaintiff first accepted non-renewal through acceptance of the proffered part-time position and subsequently resigned from the employment of the "college" and accepted another full-time position, it is without legal question that waiver of a hearing had occurred. It is well settled that due process responsibilities of the employing authority need not be carried out if the teacher voluntarily terminates her employment. Hardy v. Porter,546 F.2d 1165 (5th Cir. 1977); Jarrett v. Shelby County Board ofEducation, 349 So.2d 13 (Ala. 1977); Stewart v. Bailey, supra.
The second question of whether in fact and as a matter of law the plaintiff received constitutionally required due process must be answered affirmatively. That affirmative answer is, in our opinion, further dispositive of the first question.
Plaintiff's complaint in brief as to lack of due process appears premised upon an accusation of delay in providing a hearing. We have previously said that it is the responsibility of the teacher to request the process of hearing. The evidence is without dispute that plaintiff was granted a full evidentiary hearing within a short time after request in spite of her delay of more than one hundred fifty days and her notice *Page 429 
of resignation and acceptance of other employment. It hardly seems reasonable that plaintiff can now complain that the "college" or the board of education failed to afford her a timely hearing. Neither does it seem that plaintiff, having received the hearing she requested and participated to an adverse conclusion, should have standing to challenge its constitutional sufficiency in a subsequent action. Ashwander v.Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466,80 L.Ed. 688 (1936).
It is the opinion of the court that plaintiff received post-termination procedural due process even though she had previously waived her right to a hearing. The judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.