Eugene P. VAN ARSDEL,
Plaintiff–Appellee,

v.

TEXAS A&M UNIVERSITY et al.,
Defendants–Appellants.

No. 78–3649.

United States Court of Appeals,
Fifth Circuit.

Oct. 14, 1980.

Martha H. Allan, Asst. Atty. Gen., Austin, Tex., for defendants–appellants.

Larry Watts, George M. Kirk, Jr., Houston, Tex., for plaintiff–appellee.

Before THORNBERRY, GEE, and REAVLEY, Circuit Judges.

THORNBERRY, Circuit Judge:

This interlocutory appeal follows the grant below of a preliminary injunction requiring appellant, Texas A&M University, to reinstate appellee, Dr. Eugene Van Arsdel, to his former position as a tenured associate professor. We find that the district court improperly granted the preliminary injunction. We further find that, as a matter of law, the district court erred in its conclusion that appellee resigned under duress.

On June 1, 1977, appellee learned from his department head, Dr. Howard Joham, that a female employee had lodged sexual harassment charges against him. During the course of their meeting, Dr. Joham related to appellee the nature of the charges, the name of the complaining employee, and the likelihood that the University would bring dismissal proceedings unless he resigned. On June 3, 1977, appellee met again with Dr. Joham and submitted a handwritten letter of resignation. At Dr. Joham's request, appellee returned the following Monday and signed a typed copy of his resignation. On February 4, 1978, some eight months after submitting the resignation, but some six months before its effective date, appellee changed his mind about the wisdom of resigning. When the University refused to accede to a rescission of the resignation, appellee brought suit, claiming that he resigned under duress.

On October 18, 1978, the district court issued a preliminary injunction requiring the University to reinstate appellee, with back pay, until it complied with its procedures for dismissal. In so ordering, the court found that appellee resigned under duress and thus would prevail at trial on the merits.

I. *The Merits*

In *Stewart v. Bailey*, 556 F.2d 281 (5th Cir. 1977), we decided that when an employee knowingly and voluntarily resigns, he waives his right to whatever procedural safeguards his dismissal would have triggered. *Id.* at 285–86. The district court concluded that the resignation in this instance was not voluntarily submitted because appellee resigned under duress. We disagree with the district court's conclusion

that duress is present whenever a party is confronted with a dilemma.

It is unquestioned that the University had the right to commence dismissal proceedings against appellee for moral turpitude. Dr. Joham's "threat" consisted merely of delineating the options available to appellee and to the University. After pondering the alternatives, appellee decided to resign, choosing to obviate the embarrassment that a public, detailed dismissal proceeding would bring. Since appellee made a reasoned choice between two validly imposed alternatives, duress was absent as a matter of law. *Molinar v. Western Electric Co.*, 525 F.2d 521 (1st Cir. 1975), *cert. denied*, 424 U.S. 978, 96 S.Ct. 1485, 47 L.Ed.2d 748 (1976); *Cosby v. United States*, 417 F.2d 1345, 189 Ct.Cl. 528 (1969); *Autera v. United States*, 389 F.2d 815, 182 Ct.Cl. 495 (1968); *Willborn v. Deans*, 240 S.W.2d 791 (Tex.Civ.App.–Austin, 1951, writ ref'd, n.r. e.).

II. *The Preliminary Injunction*

■ A preliminary injunction is an extraordinary remedy which the district court should grant only when necessary to protect the plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision on the merits after trial. *Canal Authority of the State of Florida v. Calloway*, 489 F.2d 567 (5th Cir. 1974). The district court in this instance, however, made no finding that the plaintiff would suffer irreparable injury if required to wait until a determination after trial that he deserved reinstatement. Since reinstatement after trial, coupled with back pay, would suffice to redress appellee's alleged wrong, we find that the preliminary injunction must be vacated.

VACATED, REVERSED, and REMANDED.