Plaintiffs Barbara Montgomery and her husband Hoyt Montgomery appeal from a summary judgment in favor of Defendants. Plaintiff Barbara Montgomery was employed by Defendant Big B as a store manager and, as such, was responsible for the daily deposit of receipts. She was discharged after the receipts of February 17, 1982, were determined to be missing and no explanation was ever advanced for the disappearance of the money.
Plaintiffs sued Big B, Inc., Steve Collins (district manager and Barbara Montgomery's immediate supervisor), Anthony J. Bruno (president of Big B), Bobby Little (vice president and director of store operations), Dave Rushton (security officer), Joe McDevit (director of store security), and unknown defendants, alleging breach of implied contract, intentional interference with a contract, wrongful discharge, libel and slander, and fraud. On appeal, the Montgomerys argue that the circuit court improperly granted Defendants' motion for summary judgment. Two issues presented on appeal merit our review.
 Claim for Libel and Slander
The Montgomerys argue on appeal that Defendants were guilty of libel and slander: 1) in sending a letter of "recommendation" to Mrs. Montgomery, at her request, which contained a statement as to why she had been discharged; and 2) in communicating to a polygraph operator suspicions that she had acted improperly with regard to the missing deposit.
Alabama law requires that, in order to maintain an action for defamation, a plaintiff must prove that there was publication of the defamatory statement, Willis v. Demopolis Nursing Home, Inc.,336 So.2d 1117, 1120 (Ala. 1976), and that the publication was made to "one or more other parties." McDaniel v. Crescent Motors,Inc., 249 Ala. 330, 332, 31 So.2d 343, 344 (1947) (emphasis supplied).
Our review of the record reveals that the letter which allegedly contained defamatory statements concerning Mrs. Montgomery's responsibility for the missing deposit was sent to her upon her request for a letter of recommendation from one of the individual defendants, Bobby Little. There is no evidence that the letter was ever seen by anyone other than the Montgomerys. Moreover, there is no merit to Montgomery's argument that Little's use of the words "To Whom It May Concern" indicated an intention to communicate the contents of the letter to third persons. Because Little was to send the letter to Mrs. Montgomery, he would have had no means of ascertaining the identities of prospective employers to whom the letter could be addressed. The use of the salutation "To Whom It May Concern" simply made the letter appropriate for Mrs. Montgomery's use in more than one situation, if she so desired.
Similarly, information supplied to the operator who administered the polygraph test to Mrs. Montgomery and two other store employees did not amount to slander.
 "`Where a party makes a communication, and such communication is prompted by duty owed either to the public or to a third party, or the communication is one in which the party has an interest, and it is made to another having a corresponding interest, the communication is privileged, if made in good faith and without actual malice. * * * The duty *Page 1288 
under which the party is privileged to make the communication need not be one having the force of legal obligation, but it is sufficient if it is social or moral in its nature and defendant in good faith believes he is acting in pursuance thereof although in fact he is mistaken.'" Berry v. City of New York Ins. Co., 210 Ala. 369, 371, 98 So. 290, 292
(1923). (Cited with approval in Willis, supra.)
We find that the allegedly defamatory communications to the polygraph operator fall within this definition. It was the responsibility of the various individual Defendants to investigate the loss of the deposit; and their supplying the requisite information regarding the circumstances of the loss to the polygraph operator was necessary to a competent administration of the polygraph test. We note, too, that Mrs. Montgomery voluntarily submitted to the test and was not required to undergo this form of questioning.
Whether the conditional privilege described above exists is a question of law for determination by the trial court and such privilege is "free from the legal imputation of malice and is actionable only if there is actual malice. The burden is on plaintiff to prove actual malice." Willis, at 1120. Actual malice may be found upon a showing of
 "evidence of previous ill will, hostility, threats, rivalry, other actions, former libels or slanders, and the like, emanating from the defendant, or by the violence of the defendant's language, the mode and extent of publication, and the like." Kennedy v. Gurley, 208 Ala. 623, 626, 95 So. 34, 37 (1923).
The Montgomerys proffered no evidence whatsoever which would tend to show actual malice on the part of any of the Defendants. Summary judgment on the issue of libel and slander was appropriate.
 Claim of Wrongful Discharge
The Montgomerys presented no evidence of an agreement either defining the duration of Mrs. Montgomery's employment or limiting Big B's right to terminate her employment. There was, then, an employment at will. Alabama law has not departed from the rule that an employer may terminate an employee at will for no reason or for any reason, including a wrong reason. Martin v. Tapley,360 So.2d 708, 709 (1978).
Summary judgment was correctly entered on the issue of Mrs. Montgomery's allegedly wrongful discharge.
We find no error in the decision of the trial court; thus, we affirm the summary judgment below.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.