WRIGHT, Presiding Judge.
Susie Afkins filed an action in the Circuit Court of Jefferson County seeking declaratory and injunctive relief. The action arose out of an employment contract between Atkins and the Birmingham City Board of Education (hereinafter referred to as Board). The case was tried ore tenus and the trial court denied the relief sought by the plaintiff. She appealed from the trial court’s order.
In March 1984, Atkins had been employed as a maid with the Board for four and one-half years. On March 22, 1984, she was called in for a conference with Ralph Sheetz, principal at Bush Elementary School, where she was presently assigned, and Joe Armstrong, director of operations and maintenance. Armstrong, Atkins’ supervisor from central office, asked *586 her if she had signed in for March 15 and 16, without actually working those days. The plaintiff admitted that she had done this.
The plaintiff contends that Armstrong told her that either she could resign or he was going to fire her. Armstrong contends that since he did not have the authority to fire anyone, he told her that he was going to recommend that her contract be terminated. He further contends Atkins said that if he was going to fire her, she would quit and get another job.
Sheetz prepared a resignation letter which Atkins signed. The resignation was tendered to and accepted by the Board.
Although Atkins never withdrew her resignation, she requested a hearing under the Fair Dismissal Law. (§§ 36-26-100 to 108, Code of Alabama 1975). The Board denied her request for a hearing, claiming she was not terminated — she voluntarily resigned— and, therefore, the statute did not apply in her case. Atkins subsequently filed the suit which is the subject of this appeal.
In its order, the trial court found that Atkins knowingly, intentionally and voluntarily resigned her employment. Further, the court found that the procedures under the Fair Dismissal Law were not invoked. The court also concluded that Atkins failed to show that there was a violation of her constitutional rights and privileges as averred in her complaint.
When a trial court, sitting ore tenus, makes a finding, it is presumed correct. The trial court’s findings will not be disturbed on appeal if the evidence, or reasonable inferences therefrom, support the findings, unless they are plainly and palpably erroneous and manifestly unjust. Gibson v. Nix, 460 So.2d 1346 (Ala.Civ.App.1984).
In this case, the trial court heard the testimony of both Atkins and Armstrong. There was also testimony by Clarence Ely and Patricia Williams, who Atkins claims were also victims of a pattern of forced resignations. From our reading of the record, the trial court’s decision that the resignation was voluntary can be supported by the evidence.
The evidence shows that when Atkins was confronted by Sheetz and Armstrong, she admitted that she signed in for March 15 and 16, but she did not work those days. There was a possibility that Atkins could have been dismissed for her actions. Section 36-26-102, Code of Alabama 1975, reads in pertinent part: “[Ejmployee’s employment shall thereafter not be terminated except for failure to perform his or her duties in a satisfactory manner, incompetency, neglect of duty, insubordination, immorality, justifiable decrease in jobs in the system, or other good and just causes; ...” Armstrong could validly recommend that her contract be terminated. When a choice is made between two validly imposed alternatives, duress is absent as a matter of law. Van Arsdel v. Texas A & M University, 628 F.2d 344 (5th Cir.1980).
If a teacher voluntarily terminates her employment, then the due process responsibilities of the employing authority need not be carried out. Christeson v. Northwest Alabama State Junior College, 371 So.2d 426 (Ala.Civ.App.1979). In Van Arsdel v. Texas A & M University, supra, the court found that an employee’s right to the procedural safeguards that his dismissal would trigger are waived when he knowingly and voluntarily resigns.
Atkins contends that there was no knowing and intelligent waiver of her due process rights when she signed the resignation, because she was not told of her right to a hearing under the Fair Dismissal Law. The applicable statute reads:
“Employment of an employee on permanent status must be terminated only in the following manner:
“The employing board of education shall give notice in writing to the employee, stating in detail the reasons for the proposed termination, the facts upon which such reasons are based, and giving notice of the employee’s rights to a hear *587 ing as set out herein. Said action of giving notice of termination shall be made only upon recommendation of the superintendent and upon approval of a majority of the members of the employing board which action shall be reflected in the board minutes.”
§ 36-26-103, Code of Alabama 1975.
Under the reasoning used by Atkins, Armstrong would have been required to tell Atkins of her right to a hearing when he told her that he was going to recommend that she be fired. We do not find that he was so required.
From our reading of the applicable statute, the employing board is required to give notice of the right to a hearing when it gives notice of the proposed termination and, “Said action of giving notice of termination shall be made only upon recommendation of the superintendent and upon approval of a majority of the members of the employing board which action shall be reflected in the board minutes.” § 36-26-103, Code 1975. In the present case, there was no duty on the part of Armstrong to tell Atkins of her right to a hearing, because the recommendation to terminate never reached the Board to invoke the Fair Dismissal Law.
Atkins cites Bueno v. City of Donna, 714 F.2d 484 (5th Cir.1983), wherein it is stated that a knowing and intelligent waiver requires both the opportunity for a meaningful hearing and the understanding of that opportunity. In that case, the court found that there had been no effective waiver of due process rights, because there had been no understanding of the right to a hearing. But that case differs from the instant case, because that court decided that it was a forced resignation; and the trial court in this case determined that Atkins voluntarily resigned.
This case is due to be and is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.