This is essentially a tort case.
The controlling issue concerns the propriety of a summary judgment by the trial court in favor of the defendant, Dr. Caylor. Our summary of the pleadings and rulings is primarily limited to this issue.
On September 8, 1986, Mr. Swann, a tenured teacher with the Huntsville city school system, filed his complaint against Dr. Caylor. He alleged that Dr. Caylor, who was the superintendent of that school system, unlawfully initiated a proceeding to cancel Mr. Swann's contract as a teacher with the school board through a letter which she wrote to Mr. Swann on September 28, 1984. That letter was attached to the complaint and states that the school board proposes to cancel his employment contract. It specified that it was the written notice as required by §16-24-9, Ala. Code (1975). It informed him of the charges against him, of his rights, and it provided for a due process hearing before the school board. In his complaint Mr. Swann contends that he should have been granted a leave of absence from his teaching position. He avers that the Alabama Education Association provided legal counsel to represent him in the proceedings before the school board, but that such attorney, by his opinions and advice, coerced Mr. Swann into filing a letter of resignation, which was accepted. Mr. Swann further alleged that, on September 8, 1986, (which was the same date that he filed this complaint), he withdrew that letter of resignation, which had been made under duress, and he asked in that 1986 letter for reinstatement as a teacher by the school board.
Mr. Swann's complaint sought over $900,000 in damages as a proximate result of the following: libel in Dr. Caylor's letter to him, unlawful initiation of the termination proceedings, unlawful acceptance of his resignation in 1984, and the denial of his property rights and liberty interests.
Dr. Caylor answered that complaint on September 23, 1986, and also filed at that time her motion for a summary judgment, which was supported by her affidavit as follows:
"AFFIDAVIT OF DR. MARY JANE CAYLOR
 "My name is Dr. Mary Jane Caylor. I am superintendent of the Huntsville city school system. I am familiar with the facts set forth in this affidavit.
 "For several years prior to November 19, 1984, Lawrence Swann was a tenured school teacher within the Huntsville city school system. In the fall of 1984, in accordance with Code of Alabama Section 16-24-9, I undertook proceedings to cancel the employment contract of Mr. Swann. Pursuant to the requirements of the statute, I, on behalf of the Board of Education, sent Mr. Swann a letter setting forth in detail the charges against him. A hearing was scheduled by the Board of Education. However, prior to the date of the hearing, Mr. Swann resigned his employment with the Huntsville city school system. Attached hereto, marked Exhibit A and made a part hereof as if set out in full, is a true and correct copy of Mr. Swann's letter of resignation. The Board of Education thereafter accepted Mr. Swann's resignation as is demonstrated by the attached board minutes, marked Exhibit B and made a part hereof as if set out in full. Mr. Swann was represented by counsel at the time of his resignation. His counsel was not provided by the school system nor did the school system have an obligation to provide counsel. As far as I know, Mr. Swann, or the organization to which he belongs, the Alabama Education Association, selected his attorney. Neither I nor any person associated with *Page 701 
the Huntsville city school system took any actions to coerce the plaintiff at the time of his resignation. No letter of withdrawal of the resignation was sent to me until on or about September 8, 1986, almost two years after the date of the resignation. Since his resignation and before his purported withdrawal of resignation, the school system has hired a teacher to replace Mr. Swann. His resignation was accepted by the school system and made final shortly after it was offered. Therefore, his attempt to withdraw his resignation comes far too late. Any letters which I sent to him were sent in accordance with the statutory duties set forth for superintendents of education and boards of education under the Code of Alabama."
Mr. Swann's letter of resignation from his position with the school board was effective as of November 19, 1984, and the minutes of the school board of that date reflect that the school board accepted his resignation at that time.
Mr. Swann moved to strike Dr. Caylor's affidavit on the ground that it was false since Dr. Caylor's affidavit asserted that Mr. Swann did not send a letter withdrawing his resignation until September 8, 1986. While his complaint is in total accord with Dr. Caylor's affidavit in that respect, Mr. Swann's affidavit shows that his attorney on December 6, 1984, sent Dr. Caylor a letter. That letter did not withdraw his resignation, but only requested that the school board allow Mr. Swann's resignation to be withdrawn. Dr. Caylor denied that request in December 1984. The record does not disclose that Mr. Swann sent any communication to anyone regarding his job termination between his attorney's December 1984 request and his September 1986 attempted withdrawal of his resignation.
On November 7, 1986, Mr. Swann requested that the summary judgment hearing be continued until his discovery was completed.
On November 10, 1986, the trial court heard oral argument on all pending motions. Dr. Caylor's motion for a summary judgment was granted, and Mr. Swann's motions were denied. He timely appealed to the Supreme Court of Alabama, and the appeal was transferred to this court by the supreme court on September 22, 1987.
There were forty-four days between the time that Dr. Caylor filed her motion for a summary judgment and the date that Mr. Swann filed his request for a continuance of the summary judgment hearing. Mr. Swann's discovery could have taken place in that interval, but nothing was filed which indicates that Mr. Swann ever instituted any type of discovery. It is discretionary with a trial court as to whether to grant or to refuse a motion for a continuance. Madison v. Weldon,446 So.2d 21, 28 (Ala. 1984). We find no abuse of discretion by the trial court in denying Mr. Swann's motion for a continuance.
The employing board of education, duly acting through its secretary and superintendent, Dr. Caylor, properly gave Mr. Swann the necessary written notice, which fully complied with due process and statutory provisions. Ala. Code (1975), §16-24-9. When Mr. Swann resigned and his resignation was accepted on November 19, 1984, the school board was no longer required to carry out any of its responsibilities which were imposed by § 16-24-9. Atkins v. Birmingham City Board ofEducation, 480 So.2d 585 (Ala.Civ.App. 1985). The resignation and acceptance thereof effectively and lawfully terminated his employment as a teacher and eliminated his property and tenure rights to that job.
However, Mr. Swann contends that he was coerced by his attorney into submitting his letter of resignation. Mr. Swann resigned, and he does not contradict Dr. Caylor's affidavit that neither she nor any person associated with the school system took any action to coerce him to resign. No agency or other relationship is shown to exist between Mr. Swann's attorney and Dr. Caylor and/or the school board. If his attorney coerced him into resigning, that coercion or duress cannot be attributed to or imputed to Dr. Caylor, and it cannot constitute the foundation of that aspect of this civil action against Dr. Caylor.
As to the libel claim, it is necessary that there have been a publication of Dr. Caylor's letter of September 28, 1984, *Page 702 
to at least one other person. Montgomery v. Big B, Inc.,460 So.2d 1286 (Ala. 1984). The letter in question was addressed to Mr. Swann, and it was sent to him by certified mail. There was no fact before the trial court to the effect that the letter was published to a third party. For that reason alone, Mr. Swann's libel claim cannot stand. Additionally, since Dr. Caylor sent the letter at the direction of the school board as is required by § 16-24-9, that communication was privileged. An action for libel cannot be based upon a privileged communication. Montgomery, 460 So.2d at 1287-88.
Mr. Swann claims that Dr. Caylor's affidavit was false in that she stated therein that he had not submitted a letter withdrawing his resignation until September 8, 1986, but that Mr. Swann's attorney had sent a letter in December 1984, requesting that the school board allow him to withdraw his resignation. That 1984 letter did not in fact withdraw the resignation, and Dr. Caylors's affidavit was correct.
The ultimate fact is that Mr. Swann resigned. That fact was not controverted, and there is not a scintilla of evidence to suggest that he did not resign.
As we have previously indicated, not even a scintilla of evidence was before the trial court that Dr. Caylor was responsible to Mr. Swann for any alleged wrong; there was no genuine issue of a material fact; Dr. Caylor was entitled to a judgment as a matter of law; and the trial court properly granted the summary judgment in Dr. Caylor's favor.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.