Betty J. Mitchell filed a complaint requesting reinstatement to her former position as a school secretary with the Jackson County Board of Education (Board). The trial court entered an order denying the relief requested. Mitchell appeals, and we affirm.
Mitchell was a secretary at Bryant School for some twelve years. Prior to the start of the 1988-89 school year, Mitchell was informed by the principal that he was going to recommend that she be transferred from the position of secretary to that of teacher's aide. She was to receive the same pay and the same position level.
On August 12, 1988, Mitchell delivered a letter of resignation to the principal, which was prepared with the help of the superintendent of education. She was allowed to *Page 1129 
draw her accumulated sick leave after the date of her resignation, but testified that she intended for her resignation to be final when she submitted it. A replacement was hired and began work on August 15, 1988, the beginning of the school year. Somewhere between August 30, and September 3, 1988, the principal received a letter from Mitchell stating that she wanted to rescind her resignation. Copies of that letter were also sent to members of the Board. On September 8, the Board formally accepted Mitchell's resignation.
The trial court held that the superintendent of education properly accepted the resignation of Mitchell, that it was impliedly accepted by the Board's hiring another person to fill her position, that the Board relied on her actions, and that she was estopped to withdraw her resignation.
Mitchell contends that her resignation was improperly accepted by the Board after it had been withdrawn. In support of this contention, Mitchell cites authority which states that the power rests with the County Board of Education, rather than the superintendent, to dismiss employees of the Board. Be that as it may, the present case involves the resignation rather than the dismissal of an employee, and we find that the cited authority is not applicable here.
Mitchell also argues that, since this court's decisions regarding teacher resignations state that only the employing board may accept a teacher's resignation, we should issue a similar holding in this case. However, the basis for the decisions regarding teacher resignations is § 16-24-11, Ala. Code 1975, which governs resignation by a tenured teacher. We know of no statutory authority that restricts the resignation of support personnel and requires the approval or consent of the Board.
In addition, Mitchell argues that her resignation was not effective until her sick leave had expired based on her written resignation. However, the record does not contain a copy of that resignation, and Mitchell testified that she intended to resign when it was submitted. Therefore, we find no merit to this argument.
We also note that the Board acted on the resignation by employing a secretary to replace Mitchell, thereby implying acceptance of the resignation. See Jarrett v. Shelby CountyBoard of Education, 349 So.2d 13 (Ala. 1977).
Therefore, based on the above, we find that the resignation of Mitchell was effective when accepted by the superintendent.
This cause is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.