624 So.2d 603 (1993)
Quinton KILGORE
v.
JASPER CITY BOARD OF EDUCATION, and Dr. Bobby Neighbors, Superintendent of Education.
2910643.
Court of Civil Appeals of Alabama.
March 26, 1993.
Rehearing Denied April 23, 1993.
Certiorari Denied July 9, 1993.
*604 Edward Still, Birmingham, for appellant.
Eugenia H. McGill of Rives & Peterson, Birmingham, for appellees.
Alabama Supreme Court 1921182.
THIGPEN, Judge.
This is a teacher tenure case.
Quinton Kilgore was a tenured teacher employed in the Jasper City School System by the Jasper City Board of Education (Board). From the record, it appears that on May 9, 1990, for reasons not apparent in the record, Kilgore tendered his resignation, effective June 1, 1990. On the same date Kilgore tendered his resignation, the Board met in special session and accepted his resignation. On May 17, 1990, Kilgore sought to rescind, retract, or withdraw his resignation; however, the Board met on May 22, 1990, and reaffirmed the acceptance of his resignation, specifically finding that "Kilgore had resigned in a knowing, voluntary fashion and not coerced." The Board did, however, afford Kilgore an opportunity to apply for re-employment while it further investigated his employability and whatever allegations led to his resignation.
After hearing the allegations and affording Kilgore the opportunity to present evidence, the Board found "no evidence of sexual harassment or sexual misbehavior that would merit the loss of his chosen livelihood which is teaching.... Mr. Kilgore did, however, admit to conduct which reflects the use of poor judgement under certain conditions or situations." Thereafter the Board determined
"to act affirmatively on a recommendation by the Superintendent to employ Quinton Kilgore on the following terms:
"A. Mr. Kilgore will be employed as a non-tenured teacher.
"B. Mr. Kilgore's behavior and judgement regarding all facets of his teaching ability will be closely monitored to see that he acts in accordance with the expectations and standards which the public has a right to demand from its teachers."
The Board thereafter approved Kilgore's re-employment as a probationary teacher for the 1990-91 school year. Kilgore remained employed until May 1992, when the Board notified him that his contract would not be renewed for the next school year. Kilgore requested a hearing before the Board; however, the Board held that he was not entitled to such because he was a probationary employee based on the conditions under which he was re-employed. Thereafter Kilgore sought a writ of mandamus from the circuit court to reinstate him as a teacher. That petition was denied; hence, this appeal.
We note at the outset that in an appeal from the trial court's denial of a petition for a writ of mandamus, "this court must indulge all reasonable presumptions in favor of the correctness of the judgment appealed from." Huffstutler v. Reese, 510 So.2d 275, 277 (Ala.Civ.App.1987). Mandamus is not a writ of right. It is granted or denied in the court's discretion. Ex parte State ex rel. McKinney, 575 So.2d 1024 (Ala.1990). Further, mandamus
"is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."
McKinney at 1026.
The issue before us, therefore, is whether a teacher loses his or her tenure if he or she resigns at the end of one school year and is rehired by the same Board before the beginning of the next school year. *605 We begin by noting that Ala.Code 1975, § 16-24-2, provides that a teacher shall attain continuing service status (tenure) when "such teacher shall have served under contract as a teacher in the same ... school system for three consecutive school years and ... be reemployed in such ... school system the succeeding school year." In the instant case, but for the tendering of his resignation, Kilgore was already a tenured teacher, having previously attained tenure. When the Board subsequently agreed to re-employ Kilgore, that re-employment was premised on the understanding that the Board had accepted Kilgore's resignation, but when and if re-employed, he would necessarily return as a probationary teacher within the meaning of Ala.Code 1975, § 16-24-2(a). It appears that Kilgore accepted the terms of his re-employment as set out in the Board's decision. No appeal was taken from the Board's action nor was there a challenge regarding its findings or decision.
This case is controlled by the holding in Swann v. Caylor, 516 So.2d 699 (Ala.Civ.App. 1987), wherein this court held that: "The resignation and acceptance thereof effectively and lawfully terminated his employment as a teacher and eliminated his property and tenure rights to that job." Swann at 701. See also Branch v. Greene County Board of Education, 533 So.2d 248 (Ala.Civ.App.1988). Accordingly, the judgment of the trial court denying Kilgore's petition for a writ of mandamus is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., concurs.
YATES, J., concurs specially.
YATES, Judge, concurring specially.
Although I agree with the majority opinion in this case, I concur specially to express my concern for the possibility of abuse which exists when a tenured teacher (or soon-to-be-tenured teacher) is dismissed and then offered re-employment in a non-tenured, probationary capacity. Such situations may occur whenever a teacher is subject to dismissal under the terms of Ala.Code 1975, § 16-24-8; however, such situations also may be the result of coercion or other unfair practices, leaving a teacher with the "choice" of accepting a non-tenured position or possibly facing unemployment.
I am in no way implying that the treatment of Kilgore in this case was based on any such unfair practices. In fact, the Board, as quoted by the majority, specifically found that "Kilgore had resigned in a knowing, voluntary fashion and not coerced." Local boards of education and trial courts must be careful to make these types of findings. As stated by the legislature in § 16-24-8, a tenured teacher may be dismissed for incompetency, insubordination, etc., "but cancellation may not be made for political or personal reasons."
Because I agree with the majority's analysis in this case, I concur in its affirmance of the trial court's denial of Kilgore's petition for a writ of mandamus.